CASE 31—INDICTMENT—JUNE 18.

# Butler vs. Commonwealth.

Duvall
2du 435
132 678

APPEAL FROM KNOX CIRCUIT COURT.

1. It is error to instruct the jury, on the trial of one charged with murder, that if they believe the accused confessed the killing, they ought to find him guilty. The jury should be left to judge from all the facts before them whether the confession was true.

2. A confession made by a prisoner of feeble mind, in the presence of a tumultuous mob which was threatening to hang him, is not convincing testimony of his guilt.

3. The mere passive sanction of one present, by constraint, at the commission of a homicide, does not render him guilty of murder.

S. M. BARNES, M. L. RICE, J. DISHMAN, and R. BOYD, for appellant, cited *Burrell on Cir. Ev.*, 472–3; *Best on Presump.*, 208; 1 *Duvall*, 224; 2 *Met.*, 31; 3 *Chitty's Crim. Law*, 491; *Crim. Code*, secs. 123, 124, 128, 129.

JNO. M. HARLAN, Attorney General, for Commonwealth, cited 1 *Arch. Crim. Pr.*, 125.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, *James Butler*, who, according to the testimony on the trial, was an ignorant orphan boy, of crude and

feeble mind and irresolute will, was convicted of aiding in the murder of *Thomas Fowler* in his mill in Knox county, Kentucky, and, by the judgment of the circuit court, was condemned to be hung.

Nearly twenty instructions were given to the jury, some of which were long and involved, and so difficult to be understood by common minds as to be eminently calculated to confuse and mislead the jury; and this alone should predispose this court, in such a case, to reverse the judgment on a semblance of error in the instructions, or a doubt as to the correctness of any of them.

It appears on the trial that Fowler was killed in his own mill by a negro man in his employment, and by some other person or persons; that an indignant mob caught and hung the negro; that Butler, who was suspected for co-operation in the homicide, on being counseled by a friend to tell him the whole truth, to enable him to advise him as to his most prudent course, told him that the negro and two white men urged him to go with them to the mill, whither they were going to kill Fowler; that, refusing, he was compelled by threats to go; that thus he was present at the homicide; gave no aid, but was afraid to interfere to prevent it; that after this he was arrested, and, in the presence of the guard, and a tumultuous and threatening crowd, he confessed that he aided in the murder; and the prosecuting attorney, who was then present, testified that Butler was so much disturbed and intimidated by the furious crowd then threatening to hang him also, as not certainly to know what he said or to be responsible for it.

In this state of case, more than one instruction was given to the effect, first, that if the jury believed that the accused had voluntarily confessed his agency in the murder, they should find him guilty; 2. That such confession was not only competent, but *"convincing"* proof of his guilt; and also, 3d. That if he was present, and, without active aid, even *sanctioned* the homicide, he was guilty of murder.

On such facts and such instructions the boy, whether guilty or innocent, was a doomed victim.

The jury were bound to believe that he had confessed his guilt in the presence of the turbulent crowd; and, without regard to their belief or disbelief of its truth, or of their belief of the truth of the voluntary and more credible confession previously made to his counseling friend, who testified as the Commonwealth's witness, one of the instructions required them to convict him. This was certainly wrong.

No such confession was, as the jury were instructed, "*convincing*" proof, without regard to all the circumstances and other testimony. And this instruction was, therefore, delusive and erroneous.

Nor do mere "sanction" and presence, if entirely passive or constrained, constitute the crime of murder; and, moreover, "sanction," *per se*, is an ambiguous and misleading term. Therefore, the instruction on this subject was also erroneous and prejudicial.

On the foregoing grounds, without further animadversion, the judgment is reversed, and the cause remanded for a new trial.