## C. H. MOORE and HARRY G. CARPENTER v. STATE.

No. A-574.    Opinion Filed November 22, 1910.

1.    APPEAL—Sufficiency of Evidence. Where the evidence is conflicting, and that on the part of the prosecution such that, if believed by the jury, a verdict of guilty should result, a conviction will not be set aside on the ground that it is not justified by the evidence.

2.    APPEAL—Specification of Error—Sufficiency. A specification of error in a petition in error as follows. "For errors of law occurring at the time and excepted to by plaintiffs in error," is too general and indefinite to raise any question for review in the appellate court.

3.    PARTIES TO OFFENSES—Participation — "Acquiescence" — Instructions. It is error to instruct the jury that a person who stands by and consents or acquiesces in the commission of a crime is a participant therein. To be concerned in the commission of crime, one must either commit the crime himself, or procure it to be done, or he must aid, assist, abet, advise or encourage its commission.

4.  **SAME.** Where two defendants were jointly charged with a crime, and all the evidence as to the actual commission of the offense identified one defendant as the person who did the manual act constituting it, and tended to show that the other only aided and abetted therein, an erroneous instruction to the effect that all persons who stand by and consent or acquiesce in the commission of a crime are participants therein, being applicable only to the latter defendant, was prejudicial only to him.

5.  **INSTRUCTIONS—"Reasonable Doubt."** The statement in an instruction defining a reasonable doubt that. "A doubt, to justify an acquittal, must be reasonable and arise from a candid and impartial consideration of all the evidence in the case," is not erroneous as precluding a reasonable doubt arising from a want of evidence.

6.  **APPEAL—Venire for Jury—Record.** The orders of the court or judge for the drawing of jurors, and directing the issuance of open venires, must be entered of record; and to be considered on appeal, they must be shown by a transcript of the record, and cannot be shown by affidavit.

7.  **TRIAL—Venire for Jury—Time for Objections.** The propriety of the court's action in ordering the issuance and service of an open venire for a certain number of jurors, when the names of sufficient jurors yet remained in the jury box, cannot be raised for the first time after verdict has been rendered.

8.  **ASSAULT WITH INTENT TO KILL—Information—Sufficiency.** In an information for an assault with intent to kill, drawn under sec. 2307, Snyder's Comp. L. Okla., it is not necessary to allege that the intent to kill was felonious, the information alleging that the assault was intentional and wrongful.

9.  **SAME—Allegation of Battery.** An allegation in an information that the defendant did intentionally and wrongfully assault, beat, cut, stab and wound one C., sufficiently alleges a battery.

10. **ASSAULT WITH INTENT TO KILL—Evidence—Proof of Instrument.** The fact that an assaulted party was cut in the night time with some sharp instrument; that a serious wound was thereby inflicted upon him which blinded him, covered him with blood, confined him to his bed for quite a while, and necessitated a physician's attendance upon him for some considerable time, the weapon remaining in the perpetrator's possession, were circumstances from which the jury could legitimately find that the assault was committed with a knife or some instrument of that character, and that the same was a deadly weapon.

(Syllabus by the Court.)

*Appeal from District Court, Creek County; T. L. Brown, Judge.*

C. H. Moore and Harry G. Carpenter were jointly convicted of assault with intent to kill, and they appeal. Reversed and remanded as to C. H. Moore. Affirmed as to Harry G. Carpenter.

*J. L. Byrne* and *Lucien B. Wright,* for plaintiffs in error.— On instruction upon "aiding or abetting": *Drury v. Territory,* 9 Okla. 398; *Clem v. State,* 33 Ind. 418.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.—On definition of reasonable doubt: *Chandler v. State,* 3 Okla. Cr. 254. On sufficiency of indictment: *Fletcher v. State,* 2 Okla. Cr. 200; *Smythe v. State,* 2 Okla. Cr. 286.

RICHARDSON, JUDGE. In this case plaintiffs in error and one John Jones were jointly charged with an assault with intent to kill. The trial resulted in the acquittal of Jones and the conviction of plaintiffs in error as charged. It is contended that the verdict of conviction was not sustained by the evidence in that it was not shown beyond a reasonable doubt that plaintiffs in error were the parties who committed the assault. The evidence on this question was conflicting. John Chee, the assaulted party, testified that he was called to the door of his restaurant about midnight, and that when he opened it plaintiff in error Carpenter stabbed him and cut him, and then ran; that there was another man with Carpenter whom witness did not fully recognize but whom he thought to be Moore, but that Jones was not present in so far as witness knew. Ira Payne testified that about the hour stated he was sitting some forty or fifty yards from John Chee's place; that he saw Carpenter go to Chee's door and knock; that he saw the scuffle and saw three men run away, but that Carpenter was the only one whom he recognized. Plaintiffs in error denied the matter *in toto,* and their evidence tended to prove an alibi. It will thus be seen that the evidence on the part of the state was such that, if believed by the jury, it fully warranted a finding that plaintiffs in error were the guilty parties. The credibility of the various witnesses and the weight and value to be given their testimony, was a question solely for the jury's determination; and we

cannot say that the evidence does not support the verdict in this particular.

It is next contended that the court erred in permitting John Chee, the assaulted party, to testify in this case, because his knowledge of the English language was so defective as to render him incapable of understanding and correctly answering the questions propounded to him. This matter is not properly before us, however, for the reason that it was not assigned as error in the petition in error, the only assignment therein which could be held to include this being the sixth, "For errors of law occurring at the time and excepted to by plaintiffs in error." It may be that this would be a sufficient assignment in a motion for a new trial, but it is certainly too general and indefinite for a specification of error in the petition in error. Furthermore, from an examination of the record, we think the witness was competent.

The court's sixth instruction to the jury was as follows:

"If you believe from all the testimony in the case beyond a reasonable doubt that only one of these defendants actually participated in the cutting and the others stood by, and aided, abetted or consented, or acquiesced in the commission of the offense, then all would be guilty of the crime charged, and it is for you to say under all the testimony in this case whether either or all of these defendants were present or did in any manner aid, assist, abet or acquiesce in committing the crime charged."

It is contended that this instruction was erroneous, because it told the jury that if they believed beyond a reasonable doubt that one of the defendants did the cutting, and that the other two stood by and consented or acquiesced in the assault made by the one, then all would be guilty as charged. The instruction was erroneous. Section 2045 of Snyder's Comp. Laws Okla. provides that, "All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." To constitute one a party to a crime under this statute, it is necessary that such person be concerned in the commission of the offense; that is, that he either

commit it or aid or abet its commission; and it is not sufficient that he merely acquiesce therein. Consenting and acquiescing are mere mental acts, which, unless communicated to the perpetrator of the offense, in no manner aid or abet him in its perpetration. To be concerned in the commission of crime, one must either commit the crime himself, or procure it to be done, or aid or assist, abet, advise or encourage its commission. But a mere mental assent to or acquiescence in the commission of a crime by one who did not procure or advise its perpetration, who takes no part therein, gives no counsel and utters no word of encouragement to the perpetrator, however wrong morally, does not in law constitute such person a participant in the crime. *Drury v. Ter.,* 9 Okla. 398, 60 Pac. 101; *Pearce v. Ter.,* 11 Okla. 438, 68 Pac. 504; *White v. People,* 81 Ill. 333; *Jones v. People,* 166 Ill. 264; *Clem v. State,* 33 Ind. 418; *State v. Orrick,* 106 Mo. 111, 17 S. W.176, 329; *Burrell v. State,* 18 Tex. 713; *People v. Ah Ping,* 27 Cal. 490; *People v. Woodward,* 45 Cal. 293, 13 Am. Rep. 176; *Walrath v. State,* 8 Neb. 80; *Kemp v. Com.,* 80 Va. 443; *Butler v. Com.,* 63 Ky. (2 Duv.) 435; *State v. Hildreth,* 31 N. C. (9 Ired.) 440, 51 Am. Dec. 369; *Connaughty v. State,* 1 Wis. 159, 60 Am. Dec. 370. While this instruction was erroneous, yet under the evidence it was prejudicial only to plaintiff in error Moore, he being the only one before us whom it was contended, and whom the evidence tended to show, aided and abetted the commission of the crime and the only one to whom the instruction was applicable, all the testimony in regard to the cutting being to the effect that Carpenter was the one who actually committed the act.

It is next contended that the court erred in giving the jury the following instruction:

"The court instructs the jury that the term 'reasonable doubt' is a term often used, and probably pretty well understood, but not, easily defined. It is not a mere possible doubt; because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition

that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. It is not at all times such a doubt as one can give a reason for, but may be a doubt which one cannot at all times give a reason therefor. A doubt to justify an acquittal, must be reasonable and arise from a candid and impartial consideration of all the evidence in the case, and must be such a doubt as would cause a reasonably prudent and considerate man to hesitate and pause before acting upon the graver and more important affairs of life. As applied to the evidence in criminal cases, it means an actual and substantial doubt growing out of the unsatisfactory nature of the evidence in the case. If, after a careful and impartial consideration of all the evidence in the case, you can feel and say that you have an abiding conviction to a moral certainty of the guilt of the defendant and are fully satisfied of the truth of the charge, then you are satisfied beyond a reasonable doubt."

Plaintiffs in error complain of that portion of the above instruction wherein the court said: "A doubt to justify an acquittal must be reasonable and arise from a candid and impartial consideration of all the evidence in the case." The contention is that a doubt might arise from a lack of evidence, and that this portion of the instruction precludes that. We think the objection not well taken. A reasonable doubt might well arise from a candid and impartial consideration of all the evidence in the case, because the jury thought that all the evidence thus candidly and impartially considered was not sufficient to establish the defendant's guilt beyond a reasonable doubt; that it was wanting in quality or in quantity, in other words that there was a lack of convincing evidence. And if in fact such a lack of evidence existed, that fact could be ascertained only by a candid and impartial consideration of all the evidence that had been given. It would perhaps be better, where the court sees proper to define reasonable doubt at all, to substitute for the expression objected to the statement, that a reasonable doubt is an actual doubt arising from the evidence or the want of evidence in the case; but we do not hold that the instruction as given was erroneous. We think also that the court should have omitted the statement that, "It is not at all times such a

doubt as one can give a reason for but may be a doubt which one at all times cannot give a reason therefor." This added nothing to the definition, and was calculated only to mislead.

The next assignment of error is that the jury empaneled to try this cause was not lawfully drawn. This matter was never raised until the motion for a new trial was filed. To that motion was attached an affidavit in which one of the attorneys for plaintiffs in error swore that on a certain date the jury commissioners returned a list of 210 names of jurors for the district court; that on five subsequent occasions the court ordered an aggregate of 140 names drawn from said list, leaving 70 remaining; and that on September 20, 1909, while there yet remained in the jury box seventy names, the court made an order directing the sheriff to summons from the body of the county 15 persons possessing the qualifications of jurors to serve as petit jurors; that on September 21, 1909, the sheriff returned said 15 persons, and from these a portion of the jury which tried plaintiffs in error were selected; and it is contended that the court erred in ordering an open venire for 15 jurors when there remained 70 unused names in the jury box.

It is not necessary that we determine whether such action on the part of the court would be error, for the reason that there is nothing before this court showing that any of the matters complained of took place. The orders of the court for the drawing of jurors and also for the issuance of open venires are required to be made of record, and they can be shown here only by a transcript of the record and cannot be shown by affidavit. Also, if this matter took place and constituted error, the defendant could not raise this question for the first time after the verdict had been rendered.

The information in this case charged:

"That the said defendants, C. H. Moore, Harry Carpenter and John Jones, on the date and in the county and state aforesaid, with a certain dangerous and deadly weapon, to wit, a knife, which they then and there had and held, did feloniously, inten-

tionally and wrongfully, assault, beat, cut, stab and wound one John Chee, then and there being, with force likely to cause death, with intent him, the said John Chee, then and there, to injure and kill, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

Plaintiffs in error demurred to this information on the ground that it did not state facts sufficient to constitute an offense, and they have assigned the action of the court in overruling the demurrer as error. The objections urged are that the information does not allege a *felonious* intent to kill; that it avers no acts sufficient to constitute an intent to kill; and that it does not charge a battery. The statute under which this information was drawn reads as follows (Sec. 2307, Snyder's Comp. L. Okla.):

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of fire arm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the state prison not exceeding ten years."

We find in this statute no requirement that the information allege that the intent to kill was felonious. The act which constitutes the assault and battery must be intentional and wrongful, and it must be committed with the intent to kill. That is all the statute requires in that respect, and those facts the information explicitly avers. Nor can we understand what act would be sufficient to constitute an intent. An intent is a fact and not an act; it may be evidenced by acts, but the information need not set out the evidence. Also this information charged that plaintiffs in error did intentionally and wrongfully assault, beat, cut, stab and wound one John Chee with a knife; and if that does not allege a battery, we are at a loss to understand how one could be alleged. Sec. 2333, Snyder's Comp. Laws. The demurrer was properly overruled.

The next contention is that the judgment in this case cannot stand for the reason that no evidence was produced tending to

show that the assault was committed with a knife, or if so, that the same was a deadly weapon. The evidence, however, showed that the assaulted party was cut with some sharp instrument; that a very serious wound was inflicted upon him which blinded him, covered him with blood, confined him to his bed for quite a while, and necessitated a physician's attendance upon him for some considerable time. Moreover the wounds which were inflicted upon the assaulted party were exhibited to the jury; and when all these facts are considered we cannot say that the jury were not justified in finding that the wounds were inflicted with a knife or some instrument of that character, and that the same was a deadly weapon. The law does not require that death be in fact produced or that any injury at all in fact result. But the injury is some evidence of the kind and character of weapon which inflicted it and the degree of force used. The assault was committed in the night time, the weapon remained in the perpetrator's possession; it was not in court to be exhibited and inspected, and the circumstantial evidence adduced was competent and sufficient to prove its character.

For the error indicated, the judgment is reversed and the cause remanded as to plaintiff in error C. H. Moore, with directions to grant him a new trial; and the judgment is affirmed as to plaintiff in error Harry G. Carpenter.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.