## W. E. CARRICO v. STATE.

No. A 3223.     Opinion Filed May 24, 1919.

(180 Pac. 870.)

1. **INTOXICATING LIQUORS — Unlawful Transportation — Sufficiency of Evidence.** Evidence carefully examined, and held wholly insufficient to sustain the conviction in this case.

2. **PARTIES TO OFFENSES—Criminal Liability—"Party to Crime."** To constitute one a party to a crime, it is necessary that such person be concerned in its commission. He must either commit it, or aid and abet in its commission, and it is not sufficient that he merely acquiesces therein with knowledge that another is committing the offense.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

W. E. Carrico was convicted of the crime of unlawfully conveying intoxicating liquor, and sentenced to pay a fine of $50 and to serve 30 days' confinement in the county jail, and he appeals. Reversed and remanded.

*H. F. Tripp,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.    Among other assignments of error urged as grounds for a reversal of this judgment is that the trial court erred in not advising the jury to acquit the defendant because there was no evidence to establish his guilt sufficient to support the judgment of conviction.

On behalf of the state, E. P. Gallup testified, in substance, as follows:    That he resided in Oklahoma City, Okla., and during April, 1917, was captain of police of Oklahoma City; that on April 14, 1917, between the hours of 3 and 4 o'clock a. m., he, in company with Officers Baker, Wilkerson, and Bittle, went to Twenty-Third street and Grand boulevard, in said county, in answer to a telephone call, and, after waiting there a short time, saw J. H. Moore and W. E. Carrico coming west on Twenty-Third street in a Hudson car; that they stopped the car, searched it, and found 40 quarts of whisky; that the whisky was branded "Hickory River," and was being carried in two sacks in the rear of the tonneau of the car; that Moore was driving the car, and Carrico was sitting in the seat beside Moore in the front of the car; that they placed both Moore and Carrico under arrest, and brought them to the police station; that the defendant, Carrico, made no statement after his arrest.    The witness also identified the bottles of whisky seized on that occasion, which were afterwards admitted in evidence.

C. M. Baker testified, in substance, as follows:    That he was a police officer of Oklahoma City, and was present with the other officers at the time and place of the arrest of W. E. Carrico; that Carrico was sitting in the automobile beside J. H. Moore; that they found whisky in the car; that Moore was driving the car, and that Carrico was riding in the car; that Moore claimed the whisky.

D. Wilkerson testified, in substance, as follows: That he was a police officer in Oklahoma City, and was present when Carrico was arrested; that Moore was driving the car; that they found the whisky in the car; and that Carrico was riding in the car.

The state's evidence was here concluded.

W. E. Carrico, defendant, testified, in substance, as follows: That he was one of the defendants in this action; that he was acquainted with Moore, the other defendant; that for four days prior to April 14, 1917, he had been visiting at his father's home in McCloud, Okla.; that on the 14th day of April, 1917, he was standing on Main street in the town of McCloud between 12 and 1 o'clock a. m., on said night, waiting for a train to come back to Oklahoma City; that he knew Moore pretty well at that time, and that Moore asked him if he was going to Oklahoma City; that he told Moore that he was, and Moore told him to get in the car, and that during the course of the ride to Oklahoma City Moore told him that there was whisky in the car; that he did not aid in the transportation of the whisky; that Moore owned the car, and that he (Carrico) did not at any time drive, steer, or assist in propelling the car; that he did nothing except sit in the car.

On cross-examination he testified, in substance, as follows: That he first saw Moore that night at McCloud, Okla.; that he first saw him on Main street as he came in from the east at about 12 or 1 o'clock at night; that he (Carrico) was then standing in front of a garage talking to a night watchman while waiting for a passenger train to come to Oklahoma City, Okla.; that he saw Moore, and called to him, and he stopped in the middle of the

street; that he told Moore he was waiting for the train, and that Moore told him to get in and ride up to Oklahoma City with him; that at the time he got in the car he did not know where Moore had been; that they were about ten miles from McCloud when he found out there was whisky in the car.

On redirect examination the witness was asked, "Did you do anything to aid or assist him in transporting the whisky?" to which he replied, "No, sir."

J. H. Moore, testified, in substance, as follows: that he was the other defendant named in the information filed in this cause; that he had pleaded guilty to said charge; that he first saw W. E. Carrico on the night of April 14, 1917, at McCloud, Okla.; that he owned the automobile in question and had this whisky in that car; that he was coming to Oklahoma City; that he saw Carrico on Main street at McCloud; that Carrico asked him where he was going; he told him to Oklahoma City; that Carrico said he had been down at his father's, his father was sick, and he said that he was waiting for the train, and witness said, "Get in," and he got in; that witness did not tell him at that time that he had whisky in the car; that nothing was said about whisky until they were eight or ten miles from McCloud; that he (Moore) then told Carrico that he had "stuff" (meaning whisky); that Carrico sat in the car and slept; that he did nothing toward steering or propelling the car, nor did he (Carrico) aid in the transportation of that whisky; that he (Carrico) was not in any way interested in the ownership of the whisky, or in the ownership of the car.

On cross-examination Moore testified that he went over to Shawnee about dark on the evening of the 13th, and

got the whisky for a man by the name of Buchanan, who was to meet him on the outskirts of Shawnee with the whisky, and pay him $20 for hauling it to Oklahoma City, Okla.; that Carrico did not know anything about him hauling this whisky, and got in the car as a passenger at Moore's request.

The evidence on the part of the state in substance proves that W. E. Carrico, when arrested at Twenty-Third street and Grand boulevard in Oklahoma county, Okla., was riding in an automobile with one J. H. Moore; that Moore was driving the car; that 40 quarts of whisky were found in the back part of the car; that Carrico was not seen to do anything toward driving the automobile or aiding or assisting Moore in any way with the conveyance of the liquor, except that he was riding in the car with Moore.

On behalf of the defendant the undisputed evidence is that Moore had got the whisky near the town of Shawnee, and had transported it from that point to the town of McCloud, some several miles away, before Carrico got into the automobile; that Carrico got into the automobile solely for the purpose of riding to Oklahoma City; that before he got into the automobile he had intended to take a train from the town of McCloud into Oklahoma City; that at the time he got into the automobile he had no knowledge that Moore had whisky in the car, and that he did not know where Moore had been, and was not expecting him on that occasion; that he made the trip to Oklahoma City solely as a passenger with Moore; that he had no interest in the whisky or in the ownership of the automobile, nor did he assist Moore in any way in driving or propelling the car from McCloud up until the time of the arrest.

The other defendant, J. H. 'Moore, testified that he was the guilty party, and that Carrico had nothing. whatever to do with the transportation of. the whisky; that Carrico had no ownership in the car or the whisky, and did not know that Moore was transporting ·whisky until he had ridden with him a distance of ten miles or more.

Under the foregoing synopsis and analysis of the evidence, it is apparent that there is no evidence in this record which tended to prove any element of guilt against the defendant, W. E. Carrico, except that he was present and riding with the defendant J. H. Moore at the time the offense was committed, and that he rode with the defendant J. H. Moore some several miles after he had been informed by Moore that there was whisky in the automobile.

This judgment of conviction can only be sustained upon the theory that the jury undoubtedly thought that, after Carrico had learned that Moore was transporting whisky, he should have abandoned his plan to ride to Oklahoma City in the automobile. The only theory upon which Carrico can be convicted of unlawfully conveying this liquor is that he aided and abetted the defendant Moore in its conveyance. The proof on the part of the state shows that Moore was the person to whom the automobile belonged, and was driving same at the time of the arrest. There is nothing in the testimony of the state's witnesses to show that Carrico in any way actively aided, abetted, or encouraged Moore in the unlawful conveyance of this liquor. At most, the evidence only tends to prove that, after Carrico learned that Moore was engaged in the unlawful conveyance of intoxicating liquor, he (Carrico) silently acquiesced therein.

Mere acquiescence is not sufficient to establish guilt. It must be shown either that the defendant committed the offense, or that he aided, abetted, or assisted in its commission, or that he procured it to be done. *Moore et al. v. State*, 4 Okla. Cr. 212, 111 Pac. 822; *Ridley v. State*, 5 Okla. Cr. 525, 115 Pac. 628; *McCarthy v. State*, 6 Okla. Cr. 484, 119 Pac. 1020.

In the case of *Moore et al.* v. *State, supra*, it is said that:

"To constitute one a party to a crime, it is necessary that such person be concerned in the commission of the offense; that is, that he either commit it or aid or abet its commission; and it is not sufficient that he merely acquiesce therein. Consenting and acquiescing are mere mental acts. which, unless communicated to the perpetrator of the offense, in no manner aid or abet him in its perpetration. To be concerned in the commission of crime, one must either commit the crime himself, or procure it to be done, or aid or assist, abet, advise, or encourage its commission. But a mere mental assent to or acquiescence in the commission of a crime by one who did not procure or advise its perpetration, who takes no part therein, gives no counsel and utters no word of encouragement to the perpetrator, however wrong morally. does not in law constitute such person a participant in the crime."

A careful examination of all the evidence in this case convinces the court that the same is wholly insufficient to sustain the conviction and that it would be a miscarriage of justice to permit this conviction to stand in view of the fact that there is no evidence of an incriminating nature sufficient to warrant it.

While Carrico is subject to severe criticism for continuing to ride with Moore after he learned that Moore

was engaged in the unlawful offense of conveying intoxicating liquor, still that fact alone would not justify his conviction on the ground that he aided and abetted the said Moore in said act. All Carrico could have done after Moore informed him that he was conveying liquor was to get out of the automobile and walk some 14 or 15 miles into Oklahoma City, or else walk to the nearest railroad station. Such action on his part would have relieved him of even a suspicion of evil. But the fact, however, that he did remain in the car and did ride the balance of the distance to Oklahoma City, after being informed that Moore was violating the law, is not in itself such an aiding or abetting or assisting in crime as would render Carrico subject to conviction as an accomplice.

It is our opinion, therefore, that the court erred in not sustaining the motion of the defendant to direct the jury to return a verdict in his favor. At most, the circumstances detailed by the state's witnesses only create a suspicion of guilt, and do not constitute sufficient proof of the material ingredients of the offense to establish the defendant's guilt beyond a reasonable doubt.

For the reasons stated, the judgment of conviction is reversed, and the cause remanded to the county court of Oklahoma county, with instructions that the same be dismissed, unless, in the opinion of the trial court, the state may on a subsequent trial produce other and additional evidence to establish the guilt of the defendant of the offense charged.

DOYLE, P. J., and ARMSTRONG, J., concur.