**546**

Jerry Wayne LOGGIN, a/k/a Jerry Wayne
Smith, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16521.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Don Anderson, Public Defender, Okla-
homa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Mike D.
Martin, Asst. Atty. Gen., for defendant in
error.

BUSSEY, Presiding Judge:

Jerry Wayne Loggin, a/k/a Jerry Wayne Smith, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the crime of Robbery With Firearms; the Information alleging that he was acting together and in concert with Wayne Fortune, his punishment was fixed at five (5) years imprisonment and from said Judgment and Sentence, a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that Ricky Taylor was seventeen (17) years old and lived with his parents at 1601 East Madison. He testified that on October 31, 1969, about 11:30 A.M. he and Ricky Hayes were at 27th and Prospect in Oklahoma County on their way home when they were approached by Wayne Fortune and the defendant. Wayne Fortune asked them if they knew either of them, to which he answered no. Wayne Fortune asked where they were going; he said they were going home. Wayne Fortune asked them to wait a moment and inquired where he got his coat. Ricky answered his mother bought it, whereupon Wayne Fortune pulled a gun, cocked it, and demanded the coat. Ricky took his coat off and gave it to Wayne Fortune who ordered both he and Ricky Hayes to run, which they obeyed. Defendant remained about two steps behind Fortune during the taking of Ricky's coat and then turned and ran with Fortune after getting the coat. Ricky Taylor testified that he was scared of both defendant and Wayne Fortune because Wayne Fortune had a gun, defendant was with him, and both were older and bigger.

Ricky Hayes testified substantially as did Ricky Taylor, indicating that defendant and Wayne Fortune came up behind he

and Ricky Taylor; also that Wayne Fortune asked if they knew either of them to which Ricky Hayes said no. In addition Ricky Hayes also indicated both defendant and Fortune left together, running away from the scene; that he was afraid of both of them.

C. R. Acox of the Oklahoma City Police Department testified that on October 31, 1969, he investigated the robbery of Ricky Taylor and after giving him the Miranda warning, talked with defendant in the Oklahoma City jail about his involvement in the robbery. After defendant denied any knowledge of the robbery, Acox talked with him in the county jail on December 17, 1969. Upon again giving defendant the Miranda warning, Acox asked about the robbery; Smith said that he was with Wayne Fortune when Fortune pulled the gun on Ricky Taylor. The defendant also stated he wore Taylor's coat after leaving the robbery scene. Acox testified that the defendant did not tell him he had anything to do with the robbery.

The defendant did not testify nor was any evidence introduced in his behalf.

The sole proposition contends that the evidence is insufficient to show that the defendant committed the robbery. The defendant cites a number of cases to support the proposition that the mere presence of one at the scene of a crime, who takes no part therein, gives no counsel and utters no word of encouragement to the perpetrator, however wrong morally, does not in law constitute such person a participant in the crime. Moulton v. State, 88 Okl.Cr. 184, 201 P.2d 268; Hubbard v. State, 71 Okl. Cr. 373, 112 P.2d 174; Smith v. State, 66 Okl.Cr. 408, 92 P.2d 582; and Carrico v. State, 16 Okl.Cr. 118, 180 P. 870.

We have carefully examined the cases cited by the defendant and are of the opinion that they are distinguishable from the case at bar. In each of the above cited cases there was direct evidence to support the defendant's contention of non-participation in the crime committed. In the instant case the uncontradicted evidence was that the defendant and Fortune approached the two boys together wherein Fortune asked if they knew them (Tr. 7, 18). The evidence further reflected that the defendant and Fortune ran from the scene together, that the victim was afraid of both the defendant and Fortune and that the defendant was in possession of the coat after the robbery.

In Guthrey v. State, Okl.Cr., 374 P.2d 925, this Court by Judge Brett stated:

"If there was any believable evidence to support the defendant's theory of non-participation in this crime, a different conclusion might have been reached. Though this court is sometimes compelled by the protective feathers of the law to lie flat on its back, it never faces the embarrassment of being compelled to stand on its head in face of uncontroverted evidence from which a logical inference of guilt is the inevitable conclusion."

We are of the opinion that the evidence upon which the jury's verdict is based herein is neither improbable nor incredible. The trial court properly instructed the jury that mere presence, assent or acquiescence in the commission of a crime by one who did not procure or advise its commission, who takes no part therein, gives no counsel or word of encouragement to the perpetrator of the crime, does not in law constitute such a person a participant in the crime (Instruction No. 9). The evidence was sufficient in face of nothing to the contrary for the jury to establish concerted action between the defendant and Fortune.

In conclusion we observe that the record is free of error which would require reversal or justify modification, the punishment imposed is the minimum allowed by law and for these reasons the Judgment and Sentence is affirmed.

NIX and BRETT, JJ., concur.