**Charles David YETTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–226.**

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1974.

Frank R. Courbois, III, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles David Yetter, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the crime of Unlawful Distribution of a Controlled Substance, Heroin in violation of 63 O.S., § 2–401, (Case No. CRF–73–779). Pursuant to the jury's verdict, he was sentenced to imprisonment in the State penitentiary for a period of five (5) years.

On appeal defendant's sole proposition of error asserts that a valid procuring agent defense to the charge of sale of heroin was presented at trial. On the basis of this alleged procuring agent defense, defense counsel urges this Court to reverse defend-

ant's conviction and remand this cause with instructions to dismiss.

At trial Lucien Jones, an undercover narcotics agent, testified that on the evening of October 31, 1972, he attended a Halloween party at the residence of the defendant located in Oklahoma City, Oklahoma, and that he attended this party at the invitation of the defendant. A summary of Officer Jones' testimony shows that he met and conversed with Jim Johnson, another guest, and that he and Mr. Johnson agreed to meet in the kitchen where Johnson would sell Officer Jones some heroin. When they met in the kitchen Johnson called defendant into the room and explained to the defendant that he was about to sell Jones a "dime" (Tr. 20) and that he would conduct the sale in such a way that no one could be arrested because of a technicality in the law of which he was aware. Johnson explained to defendant that he would hand him the drug and he should give it to Jones and Jones should give the ten dollars to him (Johnson) directly. According to Officer Jones the transaction then took place in this manner. Johnson took a tinfoil packet of white powdery substance from his wallet (expert testimony at trial identified the substance as heroin) and gave it to defendant who passed it to Jones and thereupon Jones gave Johnson a ten dollar bill.

Defendant testified in his own behalf and stated that he did not invite Lucien Jones to the party and that he had not observed his presence at the party. He stated that Jim Johnson was present but that he had not seen Johnson engaged in any conversation or meeting with Mr. Jones in the kitchen or elsewhere. Defendant denied that he had any knowledge of a heroin sale that night and denied that he had taken part in any heroin sale.

Defendant argues that when viewed most favorably the State's evidence against

him shows only that he acted as a procuring agent and not as a seller. He submits that from the evidence presented at trial he could not have committed any crime greater than possession of heroin.

Defendant relies on this Court's decisions of Posey v. State, Okl.Cr., 507 P.2d 576 (1973) and Jones v. State, Okl.Cr., 481 P.2d 169 (1971) and decisions from numerous other jurisdictions [1] in his assertion that since he did not conspire with Jim Johnson to arrange the sale and he had no personal or financial interest in the outcome of the sale, he acted as a mere procuring agent within the scope of the aforegoing decisions.

In light of the evidence presented against defendant at trial the question before this Court on appeal is as follows:

> Is the procuring agent defense available to an accused who participated in a narcotics sale at the seller's request in an attempt to protect the seller from criminal liability for his actions?

We are of the opinion that this question must be answered in the negative.

Essentially the procuring agent defense as set forth in our decisions of Jones v. State, supra, and Posey v. State, supra, constitutes a judicial recognition that where a person has acted solely as an agent for the buyer in a narcotic sale, without having prearranged this sale on the seller's behalf and without having any interest, personal or financial, in the sale his conviction as a seller or as an aider and abettor of the actual seller would result in an unjust interpretation of the law. In *Jones* and *Posey,* we established that in Oklahoma the term "agent" contained in the definition of sale of narcotic drugs refers only to the agent of the vendor. Therefore, where one's participation in the transaction has been limited to the role of agent for the buyer, such participation can-

1. Commonwealth v. Simione, 447 Pa. 473, 291 A.2d 764 (1972); People v. Turner, 38 Mich. App. 479, 196 N.W.2d 799 (1972); United States v. Sawyer, 210 F.2d 169, 170 (3rd Cir., 1954); Adams v. United States, 220 F.2d 297, 299 (5th Cir., 1955); United States v. Winfield, 341 F.2d 70, 71 (2nd Cir., 1965); Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346 (1969).

not constitute the basis for a conviction for sale.

The essential factor of each of the cases cited above wherein it was found that a valid procuring agent defense was presented is that the accused participated in the sale as the buyer's agent. Defendant here places undue reliance upon the fact that he did not profit financially from the sale and that he did not prearrange the sale with Jim Johnson. The existence of a conspiracy between the accused and the seller to arrange a sale of narcotics and the personal or financial interest an accused has in the sale transaction simply constitute evidence which is available to prove the ultimate fact—whether or not the accused acted as the buyer's agent.

Defendant in the instant case participated in a sale of heroin at the request of the seller in an effort, although unsuccessful, to protect the seller by circumventing the criminal laws of the State of Oklahoma.

Having taken part in the sale in this manner, defendant presents a situation wholly unrelated to that of Posey v. State, supra, where the defendant purchased drugs from a third party at the request of his principal with funds provided by his principal.

In the absence of a valid procuring agent defense, defendant was properly convicted with the unlawful distribution of heroin as charged in the information. Title 21 O.S.1971, § 172, provides that:

> "All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Defendant's act was not one of mere mental acquiescence. He voluntarily participated in a criminal offense with full knowledge that Jim Johnson intended to sell heroin to a third party and he actively assisted Johnson in accomplishing this end.

Discussing this point in the case of Anderson v. State, 66 Okl.Cr. 291, 91 P.2d 794 (1939), this Court citing Moore v. State, 4 Okl.Cr. 212, 111 P. 822 with approval stated the following:

> " 'To be concerned in the commission of crime, one must either commit the crime himself, or procure it to be done, or aid or assist, abet, advise or encourage its commission.' " 91 P.2d at 797.

For the above and foregoing reasons we are of the opinion that ample sufficient evidence was presented upon which the jury could reasonably conclude that the defendant was guilty as charged and it is therefore the opinion of this Court that the judgment and sentence appealed from should be, and same hereby is, affirmed.

BLISS, P. J., and BRETT, J., concur.