**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNIE JOHNSON,

      Petitioner-Appellant,

v.

STEVEN BECK, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 05-6143

(D.C. No. CIV-04-1056-T)
(W.D.Okla.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Johnnie Johnson, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus

petition. We grant Johnson's motion to proceed in forma pauperis. For the reasons stated

below, we deny a COA and dismiss the matter.

After a jury trial, Johnson was convicted and sentenced in Oklahoma state court to

the following: (1) fifteen years on three counts of larceny of an automobile; (2) ten years

for robbery with a firearm; (3) two and one-half years for attempted robbery with a

firearm; (4) three years for first-degree burglary; (5) ten years for pointing a firearm at

another; (6) twenty years for two counts of kidnapping for extortion; and (7) ten years for

conspiracy to commit robbery. The sentences were ordered to run consecutively. Johnson appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction in an unpublished summary opinion on June 23, 2004.

On August 19, 2004, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting six errors: (1) insufficient evidence to support his conviction; (2) prosecutorial misconduct; (3) erroneous jury instructions; (4) ineffective assistance of trial counsel; (5) the denial of a request for substitute counsel; and (6) cumulative error. The district court referred the matter to a magistrate judge, who recommended that Johnson's petition be dismissed. The district court adopted the magistrate judge's report and recommendation, overruled Johnson's timely objections, and denied Johnson's request for habeas relief. The district court declined to grant a COA and denied Johnson's motion to proceed in forma pauperis.

Unless the petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2254 petition. See 28 U.S.C. § 2253 (c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

In determining whether Johnson has satisfied this burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Id. at 338. To be entitled to a COA, Johnson need not establish that his appeal will succeed. However, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotation marks omitted). If a district court denies a habeas petition on procedural grounds, this court issues a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In part, the district court denied Johnson's habeas petition for failure to make a "sufficiently specific" objection to the magistrate judge's report and recommendation. See United States v. One Parcel of Real Prop., 73 F.3d 1057, 1059 (10th Cir. 1996) (discussing firm waiver rule). Assuming that reasonable jurists could disagree whether Johnson's objections were sufficiently specific, we proceed to determine whether to issue Johnson a COA. See Slack, 529 U.S. at 484.

1. Sufficiency of the evidence

As to Johnson's claim regarding sufficiency of the evidence, the OCCA concluded that the State proved beyond a reasonable doubt that Johnson was a principal to the criminal conduct. Based upon Supreme Court precedent, this conclusion was reasonable.

Johnson claims that insufficient evidence supported his convictions because he did not enter the house during the robbery. However, upon reviewing the record, it was reasonable for the OCCA to conclude that any rational trier of fact could have found the essential elements beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). As to the convictions for larceny of an automobile, Johnson admitted that he stole the vehicles in his videotaped statement. As to his other convictions, Johnson was convicted as a principal, even though he was not present during the robbery. See Smith v. State, 736 P.2d 531, 534 (Okla. Crim. App. 1987) (defendant was a principal when he confessed to planning burglary and identified persons involved with the burglary, even though he did not enter the property); Eager v. State, 153 P.2d 503, 504-05 (Okla. Crim. App. 1944) (defendant was a principal because he drove an automobile for the robber, even though he did not assist in the actual robbery). In Oklahoma, slight participation is sufficient to incur criminal liability as a principal. E.g., Lockett v. State, 53 P.3d 418, 423 (Okla. Crim. App. 2002), cert. denied, 538 U.S. 982 (2003). No reasonable jurist could disagree with the OCCA's resolution of Johnson's sufficiency of the evidence claim.

2. Prosecutorial misconduct

The OCCA dismissed Johnson's claim of prosecutorial misconduct, finding that he failed to object at trial and that he did not establish plain error. Even if Johnson had objected at trial, none of his claims of prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Fero v. Kerby, 39

4

F.3d 1462, 1473 (10th Cir. 1994). No reasonable jurist would conclude that Johnson's prosecutorial misconduct claim merits further consideration.

### 3. Jury instruction

As to Johnson's claim regarding jury instructions, the OCCA found that the trial court gave jury instructions that accurately stated the applicable law. The trial court instructed the jury on the standard for determining whether Johnson was a principal under Oklahoma law. See Okla. Stat. tit. 21, § 172. Notably, the court instructed the jury that: "One who does not actively commit the offense, but who aids, promotes, or encourages its commission, either by act or counsel or both, is not deemed to be a principal to the crime unless he did what he did knowingly and with criminal intent." After reviewing the applicable jury instructions and evidence presented at trial, no reasonable jurist could conclude that the omission of an instruction defining "acting jointly" resulted in a fundamentally unfair trial.

### 4. Ineffective assistance of counsel

Johnson claims four instances of ineffective assistance of counsel through his attorney's failure to object to: (1) the prosecutor's closing arguments; (2) the jury instructions as a whole; (3) the testimony by Oklahoma City police officer Teresa Sterling; and (4) the trial court's admission into evidence of a videotaped statement. As to Johnson's claims regarding ineffective assistance of counsel, the OCCA held that Johnson failed to demonstrate that his attorney's conduct was deficient pursuant to

5

Strickland v. Washington, 466 U.S. 668, 687 (1984). No reasonable jurist could conclude that Johnson made a substantial showing of a violation of his constitutional rights.

5. Request for substitute counsel

The OCCA concluded that the trial court did not abuse its discretion in failing to allow Johnson to discharge his retained counsel seventeen days before the trial was scheduled to begin. Johnson has not established that a complete breakdown of communication occurred. See Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000). No reasonable jurist could disagree with the OCCA's resolution of Johnson's request for substitute counsel claim.

6. Cumulative error

Finally, as to Johnson's claim of cumulative error, the OCCA concluded that no cumulative error existed. No reasonable jurist could conclude otherwise. See Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003), cert. denied, 541 U.S. 1067 (2004).

We have reviewed the request for a COA, Johnson's appellate brief, the magistrate judge's recommendation, the district court's order, and the entire record before us. Our review demonstrates that Johnson's § 2254 petition is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Slack, 529 U.S. at 483-84. Therefore, Johnson's request for a COA is denied for substantially those reasons set forth in the magistrate judge's thorough report and recommendation.

Johnson's request for a COA is DENIED, and this matter is DISMISSED.


                                         Entered for the Court


                                         Mary Beck Briscoe
                                         Circuit Judge