## JIMMIE CUDJOE v. STATE.

No. A-2326.   Opinion Filed January 29, 1916.

(154 Pac. 500.)

1.  FORGERY—"Principal" and Accessory.  One who is present at the forgery of a deed, knowingly aiding, abetting or assisting such forgery, is guilty as a principal, although the act of signing the name with intent to forge the same was done by another person.

2.  TRIAL—Questions of Law and Fact.  Where the evidence is conflicting as to whether a witness participated in committing the crime charged, the question as to whether or not such witness is an accomplice, is one of fact for the jury.  But where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice.

3.  TESTIMONY OF ACCOMPLICE—Corroboration. Under Procedure Criminal, sec. 5884, Rev. Laws, "a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense," and if two or more accomplices testify, the same corroboration is required as if there be but one.  An accomplice can neither corroborate himself nor another accomplice.

4.  FORGERY—Sufficiency of Evidence.  Evidence in a prosecution for forgery, considered and held to be sufficient to sustain a conviction.

*Appeal from District Court, Seminole County;*
*Frank Mathews, Judge.*

Jimmie Cudjoe, convicted of forgery, appeals.   Affirmed.

*E. L. Harris,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction for the crime of forgery in the first degree, rendered by the District Court of Seminole county, on the 28th day of January, 1914, wherein Jimmie Cudjoe, plaintiff in error was sentenced to

imprisonment in the penitentiary for the term of seven years. The information charged Jimmie Cudjoe, and Willie Barkus, with forging a warranty deed, purporting to convey the following described land in Seminole county: The southeast quarter of the northwest quarter of section eleven, township five, north, of range five east. The deed purported to be executed by Ben Grayson to W. E. Grisso dates March 15, 1913, acknowledged before H. A. Born, notary public, in and for Seminole county on said date.

On the part of the state the evidence tended to prove the following facts: That on the date alleged the said Jimmie Cudjoe, with one Willie Barkus went to the drug store of one W. E. Grisso in the town of Seminole, introduced said Barkus as Ben Grayson, and stated that he wanted to sell his land. After talking the matter over Grisso agreed to buy the land, and Barkus signed the deed as Ben Grayson, and acknowledged the same before H. A. Born, a notary public. The consideration for the deed was two hundred and fifty dollars. Grisso also gave Jimmie Cudjoe one dollar.

Ben Grayson testified that he had lived in Seminole county all his life; that he had known Jimmie Cudjoe for five years, that they were at school together at Mekusukey; that the land described in said deed was his homestead allotment that he had never authorized Willie Barkus or any one else to sign a deed; that he was in possession of the land described in the Grisso deed on the 15th day of March, 1913.

H. A. Born, notary public, testified that he took the acknowledgment of the deed in question and that Ben Grayson was not the person who signed the deed; that Willie Barkus signed the name of Grayson to the deed and Jimmie Cudjoe said at the time that he was Ben Grayson. Willie Barkus testified that he had plead guilty to forgery in connection with signing this deed; that he had known Jimmie Cudjoe all his life; that on the day in question he arrived at the town of Seminole and was going up the street when he met Jimmie Cudjoe who said to him, "A fellow wants you to sign a deed," and witness said "What for," and Jimmie Cudjoe said, "He will give me seven dollars if you can

write it like he says." And he said "All right" and went with Cudjoe to sign the deed and they gave him seven dollars, a check and a paper or two; when they left he gave the papers to Jimmie Cudjoe. The defendant Cudjoe as a witness in his own behalf testified that he was in Shawnee a few weeks before the deed was signed, and a fellow walked up to him and said, "Don't' you remember Ben Grayson, that boy that went to school with you?" And he said "Jimmie, do you know where a fellow could sell any land down there where you live" and he told him he thought he could, and he said "I will be down there sometime and see about it." That on the day the deed was signed he was standing near the depot at Seminole, when the same fellow walked up and said, "Hello, I have come down here to sell that land I was talking to you about," and they went down to Mr. Grisso who bought the land. That he thought Willie Barkus was Ben Grayson, who had went to school with him at Mekusukey.

The first assignment of error is based upon the action of the court in overruling the motion for a new trial on the ground of newly discovered evidence, as set forth in the affidavit of one Bunnie Bruner. It appears that the day before the case was called for trial, upon due notice to the defendant and his counsel; the court permitted the county attorney to endorse the name of the co-defendant Willie Barkus on the information. When the case was called for trial, counsel for defendant filed an application for a continuance on the ground that "neither the defendant nor his attorneys knows what the testimony of Willie Barkus will be and had no opportunity to consult with their client." The application was overruled. It is argued that the defendant was thus deprived of an opportunity to show diligence in obtaining the attendance of the witness Bunnie Bruner. Under the statute every defendant jointly indicted or informed against is charged with notice that the state may, if it so desires, use a co-defendant as a witness against him. (Proc. Cr. Sec. 5879, Rev. Laws.)

Willie Barkus had entered his plea of guilty and had been sentenced prior to this trial. Bruner it appears was a neighbor of Cudjoe, his failure to learn what Bruner would testify to before

the trial was a lack of diligence on his part, had the defendant exercised any diligence whatever he could have secured the attendance of this witness at the trial. A defendant must use all reasonable diligence; not only to find out what witnesses he will need, but also to secure the attendance of such witnesses at the trial. (*Davis* v. *State,* 10 Okla. Cr. 169, 135 Pac. 438.)

We think the motion for a new trial was properly overruled.

The second assignment is that the court erred in giving the following instruction:

"You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime committed, either as principal offender, or as an accessory, or one who aids and abets in the commission of an offense; it includes all persons who are connected with the crime by unlawful acts on their parts committed, either before or at the time of the commission of the offense, and if you find that the deed set out in the information was forged, and that any witness who has testified herein against the defendant was an accomplice in said forgery, then you must disregard the testimony of such witness in so far as the same is against said defendant, in so far as the same is not corroborated as herein stated.'

(Excepted to by defendant and exception allowed.)

Frank Mathews, Judge."

The criticism made upon this instruction in the defendant's brief, is as follows:

"The court ought to have included in the above instruction the further charge that if they found all of the witnesses above mentioned to be accomplices, then that one accomplice could not corroborate another and that before they could convict the defendant they must have other testimony corroborating that of Barkus, Grisso and Born, tending to connect the defendant with the commission of the offense before they could find Cudjoe, the defendant, guilty."

This criticism is based upon the theory that the witnesses Barkus, Grisso and Born, were all accomplices. There was no evidence tending to prove that the witness Born was an accomplice. The testimony of Barkus a co-defendant, as to what Cudjoe said to him just before and after the forgery was committed tends to prove that Grisso was an accomplice. Grisso's testimony tended to show that he was an innocent purchaser. When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury on the law of accomplice testimony and leave the question as to whether or not the witness is an accomplice for the determination of the jury as a question of fact. But where the facts are not in dispute, or where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. Where he is admitted to be such, or where the undisputed facts show him to be an accomplice, the court may so charge without invading the rule that the court should not comment on the credibility of any witness.

*Driggers* v. *U. S.*, 1st Okla. Cr. 167, 95 Pac. 612, Am. St. Rep., 823, Id. 21 Okla. 60, 95 Pac. 612, 129 Am. St. Rep. 823, 17 Ann. Cas. 66.

See *People* v. *Coffey*, 161 Cal. 433, 119 Pac. 901, 39 L. R. A. (N. S.) 706.

Underhill on Criminal Evidence, section 69.

If two or more accomplices testify, the same corroboration is required as if there be but one; an accomplice can neither corroborate himself, nor another accomplice. Whether the witness Grisso was or was not an accomplice was a question of fact for the jury.

The instruction objected to was amply sufficient, and fully and fairly submitted the law applicable to accomplice testimony. This was the only instruction objected to. It appears that the case was fairly submitted to the jury in a clear, concise and fully adequate charge.

Finally it is insisted that the evidence is insufficient to support the conviction. That the deed was forgery and that the defendant was present when the name of Ben Grayson was signed thereto by Barkus with intent to defraud, was undisputed. If the defendant knowingly or intentionally aided or abetted in the commission of the crime he was guilty also, as much so as if he had forged Grayson's name himself. The testimony of Born, a disinterested witness, was sufficient to show his guilt, unless it was as the defendant testified, a case of mistaken identity and that he believed Barkus was Grayson. The defendant Cudjoe, Barkus and Grayson, are Seminole negroes, and in the face of the undisputed facts, that the defendant and Barkus had known each other from childhood, and that both had attended school with Grayson several years, we are inclined to think the defense attempted to be made was without merit.

It would seem that the defendant Cudjoe was the arch-conspirator and that "Barkus was willing." We think the evidence was amply sufficient for the purpose of conviction. Having reviewed the errors assigned and finding no error in the record, the judgment is affirmed.

FURMAN and ARMSTRONG, JJ., concur.