## JOE HEWETT v. STATE.

No. A-5490.  Opinion Filed Sept. 9, 1927.
(259 Pac. 144.)

E. C. Patton, Wright & Gill, and Amil H. Japp, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Canadian county on a charge of making a false entry in the records of a bank and was sentenced to serve a term of 5 years in the state penitentiary.

The amended information charges that the defendant made a false entry in the individual ledger of the Mustang State Bank, of which he was a cashier and managing officer, by entering thereon a deposit of $1,-500 to his credit, with the intent to defraud the bank. The prosecution is based on section 3, c. 135, Session Laws 1923.

Numerous errors are argued in the brief of defendant, several of which will be briefly referred to. It is first argued that the statute upon which the prosecution is predicated is unconstitutional. This contention was decided adversely to defendant in the case of Hewett v. State, 36 Okla. Cr. 157, 252 P. 1109.

Complaint is next made that the court erred in overruling defendant's application for a change of venue. This contention is not assigned as error in the motion for a new trial and is not now available.

It is also urged that the court should have sustained defendant's challenge to the jury panel. The record does not disclose that the challenge was ever called to the attention of the trial court or any ruling had. The voir dire examination of the jurors is not included in the record.

It is also argued that the court erred in his instruction to the jury informing them the punishment to be assessed, and that the verdict of the jury is invalid in failing to assess a fine in addition to imprisonment. It is defendant's theory that section 3, c. 135, Session Laws 1923, is unconstitutional, and that the law covering the offense charged is section 13, art. 1, c. 6, Session Laws 1907-08. Since we hold that the prosecution is under section 3, c. 135, supra, this contention falls.

It is argued at some length that the evidence is insufficient; that there is no positive testimony that defendant made the entry charged in the information. The evidence discloses, however, that defendant made the deposit slip, the entry or posting of which in the individual ledger constituted the false entry. The evidence is not clear and conclusive that defendant made the entry in the individual ledger, but it is clear that he either made the entry or it was made with his knowledge and under his direction. In either event, he would be a principal.

The state relied on the testimony of Claud Forster, who was assistant cashier of the bank at the time. He testified in reference to the entry, and admitted that the entry might have been made by himself, as follows:

"* * * Q. What became of the bank record? A. What became of it?

"Q. Yes. A. They were burned.

"Q. Well, were they all burned? A. No, sir, there were some that weren't burned.

"Q. Now, do you know how that $1,500 got on the individual ledger to the credit of Joe Hewett? A. Yes.

"Q. How did it get there? A. It was put on there.

"Q. Who put it there? A. I am pretty sure he did.

"Q. Did you do it? A. I don't think I did. I would not be positive. He and I were there when it was we were talking about it. * * *

"Q. What were you doing when you called his attention to the deposit slip? A. I was posting the individual ledger.

"Q. Did you go on posting after you found that item? A. I called Mr. Hewett's attention to it.

"Q. Then, what did you do? A. Well, we talked about it, and he told me that he had a—he was foreclosing a farm out at Western Oklahoma. * * *

"Q. And after you got to "H" to this particular

deposit slip, you called that to Mr. Hewett's attention? A. Yes.

"Q. That was on what date? A. Well, I couldn't say.

"Q. Did you go on posting the individual ledger sheets? A. Yes; I finished posting. I don't know whether I finished posting that particular book or not, but I generally always did.

"Q. It would be the natural thing for you to do after you had talked to him about it, and it was verified, as he said it was? A. He talked about it, and he says, 'I will show you about it,' and if I remember right, he put it on the book himself.

"Q. You testified on your direct examination you didn't make that entry on the individual ledger sheet, didn't you? A. No, sir.

"Q. What do you say about it now? A. I say that I don't know whether I made it or whether he made it. * * *

"Q. You did enter this $1,500 item on the individual ledger sheet? A. No, sir; I won't say I did.

"Q. You won't say you didn't either, will you? A. Well, I don't know. I think Mr. Hewett put it on the sheet.

"Q. Don't you have any definite recollection—you seem to remember so well—didn't you go to him and inquire about it, and don't you have any recollection about what happened then? A. I remember he told me how he would put it back, and he would put it in right away.

"Q. Don't you remember what he did and what you did, after that? A. I can't remember as to who put it on the book. * * *

"Q. If he was posting the general ledger, he didn't come up and take charge of that posting machine and make this entry on the individual ledger did he? A. Well, I couldn't say. I rather think he did.

"Q. You rather think he did, then what were you

doing while he was doing that, if you please? A. I was there.

"Q. You were there? A. Yes. * * *

"Q. If it was your custom, do you know whether or not you entered the item of $1,500? A. No; I couldn't say, because we had a discussion there about it. * * *"

Defendant requested the court to instruct the jury on the law of accomplice, submitting an instruction substantially correct. The court did not instruct on this point. A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Section 2701, Comp. Stat. 1921. This court has on numerous occasions defined an accomplice as one culpably implicated in the commission of the crime of which the defendant is accused, or one who knowingly and voluntarily co-operates, aids, abets, or assists in the commission of the crime. McKinney v. State, 20 Okla. Cr. 134, 201 P. 673; Logan v. State, 23 Okla. Cr. 316, 214 P. 944.

The conviction rests on the testimony of Forster, with various corroborating circumstances which sufficiently tend to connect defendant with the commission of the offense. There is not sufficient positive testimony that defendant made the false entry charged in the information. No witness positively testified that he did. Defendant denies that he made the entry. The reasonable inference from the testimony of Forster is that he posted the deposit slip on the individual ledger after consulting and advising with defendant. Where the facts are undisputed or admitted, the question whether or not the witness is an accomplice is generally one of law for the court, but where the evidence is conflicting as to whether or not the witness participated in the commission of the offense, whether or not the witness is

an accomplice is a question of fact to be submitted to the jury under proper instructions. McKinney v. State, supra; Moore v. State, 14 Okla. Cr. 292, 170 P. 519; Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L. R. A. 1916 F. 1251; Joliffee v. State, 21 Okla. Cr. 278, 207 P. 454.

Where the state relies upon the testimony of an accomplice to secure a conviction, the trial court, if requested, must instruct the jury the substance of section 2701, Comp. Stat. 1921, that they cannot find the defendant guilty upon the evidence of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commision of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

In the record before us the defendant was entitled to have submitted to the jury by proper instruction the question whether or not Forster was an accomplice, and the further instruction that if found to be an accomplice a conviction could not be had on his testimony unless corroborated. It is not sufficient to say that Forster was a mere subordinate, acting under his instruction, and that there is no proof of his intent to injure or defraud the bank. He was not on trial; proof of intent on his part was probably incompetent and inadmissible. There is no proof or contention that the witness was under any compulsion, and, if he made the false entry charged under the circumstances detailed, he is an accomplice and the rule relating to the testimony of an accomplice applies.

The case is reversed and remanded.

DOYLE, P. J., concurring.

DAVENPORT, J., absent, not participating.