## WADE VARDEMAN v. STATE.

No. A-8461.　March 3, 1933.
Rehearing Denied April 1, 1933.
(20 Pac. [2d] 194.)

Rogers & Klein, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of grand larceny, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of two years.

It is contended that the failure of the court to permit counsel for defendant to examine generally each prospective juror individually was prejudicial to him.

The record discloses that on the general examination of prospective jurors the court said:

"Not a single member in the box knew the defendant, and not one knew anything about the facts in the case."

After the court has asked jurors as to their legal qualifications, it is hardly necessary for the state or defendant's counsel to ask them the same questions, although sometimes this is done.   When any part of the questioning is denied or excluded, in order to preserve the question the proper procedure for defendant's counsel is to dictate into the record the questions he desires to ask the jurors, and obtain a ruling of the court thereon, thereby enabling this court to determine if the trial court abused its discretion in refusing to permit counsel to ask the questions. It further appears from the record that the trial court had permitted defendant's counsel to ask the jurors general questions, and had offered to permit further individual examination if counsel so desired, but this offer was refused.

The manner and extent of examination of jurors, touching their qualifications, cannot be prescribed by any definite, unyielding rule, but rests to a large extent in the sound discretion of the trial judge. In the examination, such latitude should be given the parties as will enable them to procure a jury free from outside influence, bias, or personal interest. Jones v. State, 20 Okla. Cr. 154, 201 Pac. 664.

The purpose of a voir dire examination of prospective jurors is to aid in the selection of a fair and impartial jury, and to enable defendant to exercise his peremptory challenges.

A speedy administration of justice makes it necessary that the trial court have discretion to control the examination of jurors. Otherwise, defendant's counsel might conduct a filibuster similar to those sometimes conducted in Congress, thereby materially delaying the trial or even preventing the obtaining of a jury. But the court should be very careful not to abuse this discretion, allowing defendants' counsel the necessary latitude to enable him to determine against whom he will exercise his peremptory challenges.

There is nothing in the record in the case at bar showing abuse of judicial discretion in the rulings of the trial court in connection with the voir dire examination of jurors; but, on the contrary, the record discloses ample opportunity was given counsel for defendant to examine jurors, consistent with the commendable effort of the trial judge to dispatch the business before the court.

It is next contended that it was an abuse of discretion on the part of the trial judge to permit the indorsement of the name of the codefendant on the information.

There is no merit in this contention, as clearly appears from the decisions of this court. Cudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251; Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012; Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43.

It is also contended that the court erred in giving instruction No. 7. The first objection urged against the instruction is it assumes the accomplice testified truthfully.

No rule for construing constructions is more familiar than that the instructions must be construed as a whole. When instruction No. 7 is construed in connection with the other instructions given, the trial court nowhere assumed the testimony of the accomplice was true, but, on the contrary, the jury was left unhampered to determine the credibility of the witnesses and the weight to be given their testimony.

Further, it is contended the instruction is erroneous because the court told the jury under the undisputed facts in that case, "as a matter of law Franks was an accomplice in so far as the crime alleged in this case is concerned."

It is urged that, inasmuch as there cannot be an accomplice without a principal, the jury was told that Vardeman was the principal of Franks, the accomplice, and hence guilty with Franks.

There cannot be an accomplice without a principal. Any instruction given on accomplice testimony would necessarily disclose that truth; and yet this court has held that where the evidence discloses that the state is relying for a conviction in part on the testimony of an accomplice, it is the duty of the trial court to instruct on the necessity of corroborating that testimony. McKinney v.

State, 20 Okla. Cr. 134, 201 Pac. 673; Hewett v. State, 38 Okla. Cr. 105, 259 Pac. 144.

In the case at bar, Franks' testimony makes him an accomplice, and the defendant denies any connection with the crime. If the defendant was culpably implicated in the theft, it was because of the testimony of Franks and the other evidence tending to connect defendant with the commission of the offense. Therefore, it was necessary for the trial court to tell the jury that as a matter of law Franks was an accomplice. It was only fair to defendant to tell them that Franks had placed himself in that category.

In Adams v. State, 21 Okla. Cr. 448, 209 Pac. 189, this court approved an instruction in language similar to the one in the case at bar, which told the jury that a certain witness for the state was an accomplice.

It follows from a consideration of instruction No. 7, that the trial court did or said nothing that this court has not repeatedly said should be done by trial judges where the facts are similar to this case.

It is also contended that instruction No. 7 was erroneous because it amounted to a peremptory instruction of guilty.

Again we say that the instructions must be considered as a whole, and, when so considered, it did not amount to any intimation of the guilt of defendant.

Other errors are complained of, but they are equally without substantial merit. The cause is therefore affirmed.

EDWARDS, P. J., concurs. DAVENPORT, J., absent; not participating.