## RALPH SIGLER v. STATE.

No. A-8408.    April 28, 1933.
(21 Pac. [2d] 1073.)

Glasco & Ballard, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.    The plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county of robbery with firearms, and was sentenced to serve a term of twelve years in the state penitentiary.

354

Defendant was jointly charged with John Hunter, Jack Hunter, and Roy Baker, but was tried separately. Briefly stated, the evidence is that at the time charged defendant, and the other three named, drove from Oklahoma City to Purcell, and about 3 o'clock a. m. drove into a filling station of which Charles Alford was in charge. Defendant was driving the car. All got out, and Baker pointed a pistol at Alford, forced him into the automobile, and defendant got in and started the engine. The two Hunters went inside the station, broke open the cash register, and took its contents—about $25. They then drove toward Oklahoma City, and in Cleveland county stopped the car and tied Alford to a telephone pole. He succeeded in getting loose, and telephoned to Norman. The call was relayed to Oklahoma City, and was picked up by the police car's radio, and, as the car driven by defendants approached Oklahoma City, it was intercepted and pursued by a police car. It slowed down, and all the occupants, including defendant, abandoned it and fled. Defendant was pursued by one policeman and fled in the direction of another, but was only arrested after he had been shot at twice. Upon his arrest he gave a fictitious name and made a false statement to the officers.

His defense is that Joe Baker, a defendant, coerced and forced him into what he did at the time of and subsequent to the robbery, and that he drove the car under duress and was not a participant in the crime. He testified to this defense in detail. The state then, in rebuttal, called Joe Baker, the codefendant, who had been convicted of another robbery, and was confined in the state penitentiary. He testified the robbery was according to a plan and arrangement between the witness, the defendant, and the Hunters; that defendant furnished the money

to buy the pistol, and drove the car for the purpose of assisting in the robbery.

Defendant first contends the court erred in refusing his requested instruction No. 1, which is in substance that to constitute one a party to a crime it is necessary that he commit, aid, or abet its commission; that consent and acquiescence is not sufficient to constitute one a participant—citing Moore v. State, 4 Okla. Cr. 212, 111 Pac. 822; Carrico v. State, 16 Okla. Cr. 118, 180 Pac. 870; Nichols v. State, 50 Okla. Cr. 409, 298 Pac. 886. The request is argumentative and incorrect in form. If, however, it calls the attention of the court to a proposition of law applicable to the facts, it would have been the duty of the court to cover the proposition so presented. Thomas v. State, 13 Okla. Cr. 414, 164 Pac. 995; Smith v. State, 51 Okla. Cr. 292, 1 Pac. (2d) 814.

Defendant, in his second request, submitted this: "Gentlemen of the jury, you are instructed that an act which would otherwise be a crime may be excused on the grounds the defendant acted under compulsion or duress, if the compulsion or duress be present, imminent, and impending, and of such a nature as to induce a well founded apprehension of serious bodily harm if the act be not done. In other words, if from the evidence in this case you should find, or have a reasonable doubt, that the defendant in this case did not do the act or acts alleged to have been committed by him of his own free will and accord, but that he acted at the command, direction and because of the fear of another, then your verdict should be in his favor and you should acquit him."

This requested instruction was given by the court, and covers the contention made so far as supported by the evidence. The evidence of defendant is, not that he gave

mental consent and acquiescence to the robbery, but is that he did not give his assent or acquiescence, but acted under duress. This theory is covered by the instruction given.

Next it is contended the court erred in failing to instruct the substance of section 3071, Okla. Stat. 1931, that a conviction cannot be had on the testimony of an accomplice, unless corroborated. No request for such an instruction was made. As recited, the state, in its case in chief, did not rely on the testimony of the codefendant and accomplice, Baker, but he was called to rebut the testimony of defendant that he acted under duress and coercion, and, while his testimony is that of an accomplice, it is by way of rebuttal and not a part of the case in chief. In such state of the record, counsel, if they desired an instruction on corroboration of an accomplice's testimony, should have requested it. Failing to do so, it was not error for the court to omit such an instruction.

On an examination of the entire record and a consideration of the defendant's testimony and the circumstances disclosed, we are satisfied defendant had a fair trial, and fail to see how the jury could have arrived at any conclusion other than that of defendant's guilt.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.