## ARVILLE RECTOR v. STATE.

No. A-8389. Dec. 16, 1933.
Rehearing Denied Jan. 6, 1933.
(17 Pac. [2d] 519.)

E. B. Arnold, Pete Helton, W. L. Chase, Bruce L. Keenan, and Jeff T. Parks, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Adair county of larceny of domestic animals, and was sentenced to serve a term of 2 years in the state penitentiary.

At the time charged, defendant and one Herbert Hern, in the nighttime, took from the pasture of one Webber two cows, loaded them into a truck, took them to Frantenac, Kan., where they were sold by defendant. The state used as witnesses to prove the taking and asportation Herbert Hern, who testified in substance that he and defendant stole the cattle in question and took them into Kansas, and Mike Hern, a brother, who testified he went with defendant and his brother to the pasture at the time the cattle were taken. He corroborated the fact of the taking and loading them in the truck and the departure of his brother and defendant with the cattle. Defendant testified in substance he was hired by Herbert Hern to truck the cattle from the Webber pasture to Kansas; that they were loaded at night on account of hot weather; that he was paid $25 for his services, and believed Herbert Hern was the owner of the cattle; that the hauling by him was in good faith.

The principal contention is that under the state's evidence both Herbert Hern and Mike Hern were accomplices, and there is no sufficient corroboration of their testimony as required by section 3071, St. 1931. When there is a controversy whether a witness is an accomplice or not, the question must be settled by an examination of the testimony. The testimony of Mike Hern disclaims any participation in the crime. The testimony of Herbert Hern is to the effect that he and defendant agreed to steal the cattle, that the stealing was the plan and act of himself and defendant, and that Mike Hern was not a party to it. The defendant's testimony is that Mike Hern had nothing whatever to do with the arrangements be-

tween him and Herbert Hern, and in substance that the entire testimony of Mike Hern was false. So, under the testimony both of the state and defendant, Mike Hern was not an accomplice. Hendrix v. State, 8 Okla. Cr. 530, 129 Pac. 78, 43 L. R. A. (N. S.) 546; Sipes v. State, 36 Okla. Cr. 1, 251 Pac. 511; Hewett v. State, 38 Okla. Cr. 105, 259 Pac. 144.

As a part of the argument on this matter of the testimony of an accomplice, defendant's counsel complain that the name of Mike Hern was in the instruction with the name of Herbert Hern, and was struck out by the court after the instruction was had to the jury. The record is not clear on this point, but, even so, we fail to see how that would be prejudicial in the light of the evidence.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.