# JIM CARTER v. STATE.

No. A-8609.   Jan. 5, 1934.
(28 Pac. [2d] 581.)

Jno. L. Ward, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of burning insured property and was sentenced to serve a term of 5 years in the state penitentiary.

The prosecution is under section 2242, Okla. Stat. 1931.   The information charges defendant jointly with one W. DeLong.   DeLong testified for the state, in substance, that he owned the property in question and also

a residence on an adjoining lot; that he had lost the other property by foreclosure; that defendant, a tenant of his, suggested that he burn this particular house in order that he might not lose it also by foreclosure. An agreement was made between them that defendant would burn the house or get some one to burn it for which he should have $50 when the insurance was paid. Upon the arrest of DeLong, he made a statement to the officers implicating defendant, who then left the country and was gone for some two or three weeks. Defendant denied any agreement with DeLong and explained his absence by saying he thought the officers were intending to arrest him for some other offense. He admitted he had twice been convicted of felony.

Defendant contends that the evidence is insufficient in several particulars to sustain the judgment, among them that there was no sufficient proof the house alleged to have been burned was a dwelling house or that it belonged to DeLong as alleged, or that it was insured or that there was any evidence of an intent to defraud the insurance company, or that there was sufficient proof the property was burned or was the property described in the information or that there was any insurance by the named insurance company. In these various contentions we fear counsel have not scrutinized the record closely. It appears to have been stipulated by counsel during the trial that the house located on the place described in the information was burned or partially burned at the date alleged; upon this admission the court excluded further testimony on this point. DeLong testified he owned the property at the location charged and that it was a dwelling house, and, while the evidence of insurance was not as direct as it should have been, the circumstantial evi-

dence, particularly as to the agreement between defendant and DeLong, is sufficient. No contention was made at the trial that the property was not owned by DeLong or that it was not insured or that there was insufficient description, but was upon the ground that defendant had nothing to do with the burning.

The only other contention requiring discussion is that the court erred in his instructions to the jury, particularly instruction No. 7, which is:

"You are instructed that W. DeLong, one of the state's witnesses, who testified in this case, is what is known in law as an accomplice, and that you cannot convict the defendant now on trial on the testimony of an accomplice unless such testimony be corroborated by some other evidence which tends to connect the defendant with the commission of the offense; and corroboration is not sufficient if it merely shows the commission of the offense charged, or the circumstances thereof, but it must go further and tend to show that the defendant was concerned in the commission of the offense charged."

Defendant contends that there was a conflict of testimony between defendant and his codefendant, DeLong, and it was improper for the court to instruct that DeLong was an accomplice, that by so saying the court assumed the testimony of DeLong to be true and that of defendant untrue, citing McKinney v. State, 20 Okla. Cr. 134, 201 Pac. 673; Burleson v. State, 27 Okla. Cr. 443, 228 Pac. 609; 16 C. J. 677, 928; Sipes v. State, 36 Okla. Cr. 1, 251 Pac. 511; Collins v. State, 28 Okla. Cr. 45, 228 Pac. 993; Adams v. State, 25 Okla. Cr. 298, 220 Pac. 59; Hewitt v. State, 38 Okla. Cr. 105, 259 Pac. 144; Cudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251.

A similar contention was before this court in Varde-man v. State, 54 Okla. Cr. 329, 20 Pac. (2d) 194, 196, in which the court said:

"* * * If the defendant was culpably implicated in the theft, it was because of the testimony of Franks and other evidence tending to connect defendant with the commission of the offense. Therefore, it was necessary for the trial court to tell the jury that as a matter of law Franks was an accomplice. It was only fair to defendant to tell them that Franks had placed himself in that category."

The statutes of this state provide that a conviction cannot be had upon the uncorroborated testimony of an accomplice. Section 3071, Okla. Stat. 1931. This or a similar statute is the law in most of the states. This limitation is for the protection of those accused, its purpose is to prevent one guilty of a crime from implicating another falsely, for hope of clemency, motives of revenge, or for any other reason. This court has considered this statute many times and the rules applicable have been fully stated. Questions under this statute are generally raised by defendant insisting the court erred in not instructing that a witness testifying against the accused was in fact an accomplice or in failing to submit the law governing the testimony of an accomplice.

Loose language has been used in some of the opinions which seem to justify defendant's contention, but on an examination it becomes plain that they do not. Upon an analysis of the cases, the facts involved and the force of the opinion, only one case has been called to our attention which fully supports the argument. Heivner v. People, 7 Colo. App. 458, 43 Pac. 1047, 1048. After quoting the instrument, the court said: "This instruction was erroneous. It assumed as a fact something which should

have been left to the jury to determine from the evidence. It stated, without qualification, that Stewart was an accomplice. He could not be an accomplice unless there was a principal. If the defendant was not guilty, Stewart was not an accessory. The statement that Stewart was an accomplice therefore assumed the guilt of the defendant, and its effect must have been pernicious."

A statement in State v. Allen, 34 Mont. 403, 87 Pac. 177, is apparently to the same effect.

This argument is indeed specious—note the contrary view taken in Commonwealth v. Ford, 111 Mass. 394.

We do not deem it necessary to analyze and point out that Crenshaw v. State, 48 Tex. Cr. R. 77, 85 S. W. 1147; Dixon v. State (Tex. Cr. App.) 90 S. W. 878; State v. Spotted Hawk, 22 Mont. 33, 55 Pac. 1026, and other cases cited are not in point. In the latter case, after in substance quoting an erroneous instruction, the court said the trial court might fairly have assumed the witness was an accomplice and have cautioned the jury to distrust it. The case was reversed because, among other things, the court instructed that one jointly charged with an accused was by reason of that fact an accomplice. The Crenshaw Case, supra, was reversed because the jury were told they could convict if they believed the accomplice was corroborated, whether they believed his testimony was true or false. See, also, Bell v. State, 39 Tex. Cr. R. 677, 47 S. W. 1010. In some of the cases it is said that where the facts with respect to the participation of the witness claimed as an accomplice are undisputed or admitted, the court should determine whether or not he is an accomplice; but where the facts are disputed whether or not the witness is an accomplice should be left to the jury. Several decisions of this court state this general rule. None

of the cases point out just what is meant by "disputed facts" or "admitted facts" whether it means disputed by the witness who is designated as an accomplice, or by defendant. Counsel here argue that where defendant denies generally any connection or accomplicity with the witness who is designated as an accomplice, the court, regardless of the testimony of the witness, in no event may instruct the jury that the witness is an accomplice. Surely this cannot be what is meant, for if defendant enters a plea of not guilty and contests the truth of the state's testimony of a claimed accomplice to prove his guilt, he does not admit the testimony of such witness, for to do so would be tantamount to a plea of guilty. Nor does the fact that he denies the testimony of the witness designated as accomplice make the testimony disputed within the meaning of the term as used in the cases generally. That is to say a denial of guilt and general testimony by accused that he had no connection with the witness testifying as an accomplice is not the dispute meant in the various decisions. But on the other hand where he testifies to the state of facts detailed by the witness, or admits a connection with the witness tending to show an accomplicity, but explains his connection and disputes and denies the significance and tendency of the evidence to prove accomplice, then an instruction on such contested evidence that the witness is an accomplice, may amount to a charge on the weight of the evidence or may be an assumption that the testimony of the witness was true and that of defendant necessarily untrue. But not so when he does not testify to the state of facts detailed by the witness, but merely denies generally any connection with the witness.

The instructions are to be construed all together as a single charge. So in connection with this instruction of accomplice, the jury is told also that defendant is presumed innocent, that the burden is on the state to prove his guilt beyond a reasonable doubt, and are told the facts necessary to be proven before a verdict of guilty can be returned. So this instruction complained of, when considered with these other instructions as a single charge, amounts, in substance, to the court saying to the jury:

"This witness has testified to a state of facts tending to connect himself and defendant with the commission of the offense charged. His own testimony makes him what is known in law as an accomplice. The law looks upon him with suspicion and will not permit a conviction to be had on his testimony alone, but before you can convict you must believe beyond a reasonable doubt that his testimony is true and must further find he is corroborated by other independent evidence tending to connect defendant with the commission of the crime, and must find and believe beyond a reasonable doubt, from all the evidence, defendant is guilty."

This is the substance of the charge in this case. It is not an assumption that it is true or a direction that the jury must believe it, but on the contrary it is a warning that it should be looked on with caution. Such an instruction is more favorable to an accused than one which leaves to the jury the question whether or not the witness is an accomplice. Submitting the question of accomplicity to the jury may confuse them. They might erroneously conclude that an accomplice in fact is not an accomplice and return a verdict of guilt without sufficient corroboration, which they might not have done if they had understood clearly that the witness was as a matter of law an accomplice and that corroboration was

necessary. Upon a consideration of the entire record we are satisfied defendant had a fair trial.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.