## FRANCIS RAY WALKER v. STATE.

No. A-11063. March 23, 1949.

(204 P. 2d 552.)

20

John Howard Payne and John C. Head, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, County Atty., Oklahoma County, of Oklahoma City, for defendant in error.

BAREFOOT, J.   Defendant, Francis Ray Walker, was charged in the district court of Oklahoma county with the crime of larceny of an automobile; was tried, found guilty by a jury and by the court sentenced to serve a term of five years in the State Penitentiary, and has appealed.

For reversal of this case, it is contended:

"I.   The court erred in admitting hearsay evidence and overruling motion to suppress.

"II.   The court erred in overruling the demurrer to the evidence and in refusing an advisory verdict.

"III.   The lower court erred in giving instruction No. 5."

The first and second errors may be considered together, and this necessitates a short statement of the facts as revealed by the record.

F. E. O'Banion, of Oklahoma City, was a used-car dealer.   On the night of July 3, or morning of July 4, 1947, there was stolen from his lot in Oklahoma City a 1940 Chevrolet coach, blue-green color, bearing 1946 Oklahoma license tag No. 1-73446.   Mr. O'Banion was the owner of this automobile.

On the morning of July 4, 1947, two boys were seen by a lady living two miles north of Minco, in Grady county, as they broke a glass window in a filling station, while attempting to enter therein.   Her home was adjacent to the filling station.   She immediately notified DeArthur Wilson, the sheriff of Grady county, and then

followed the boys in her automobile. They had run down toward the Rock Island Railroad track. She lost sight of them, and when she returned home, Sheriff Wilson and a deputy were at the filling station. She gave them the information she had, and a description of the boys, and the sheriff and his deputy soon picked up defendant, Francis Ray Walker, and Samuel Thomas Bayless near the place where they had last been seen. The defendant, at the time he was found, was carrying a satchel or bag which contained clothing and two cameras. The boys were returned to the filling station by the sheriff, and identified by the lady who had followed them, as being the ones who had broken the glass and attempted to enter the filling station. The sheriff then found the automobile above described in a roadside park in close proximity to the filling station. The boys and the automobile were taken by the sheriff to Chickasha, and the boys placed in the Grady county jail.

The sheriff, observing that the automobile had an Oklahoma county license tag, communicated with the officers of that county and ascertained that the car had been stolen in Oklahoma City on the night of July 3, or early morning of July 4, 1947. Officers from Oklahoma county went to Chickasha, and the two defendants were returned to Oklahoma county, and charges filed there, charging them with the larceny of the automobile, as above stated.

It is also revealed by the record that Mr. W. R. Kahnert, who lived at No. 11 Northeast Seventh street, in Oklahoma City, owned two kodaks, or cameras, which he left in his car, parked in front of his house on the night of July 3, 1947. On the morning of July 4, 1947, the cameras were gone from his car. These cameras were identified by Mr. Kahnert as the ones found in pos-

session of the defendant at the time of his arrest near Minco. One means of identification of the cameras was that Mr. Kahnert had just returned from a trip to Fort Sill, and had taken some pictures while there, one of his wife atop of Mount Scott and another of Mount Scott, and these pictures were on the film in the cameras, and undeveloped. When the cameras were brought to Oklahoma City, the films therein were developed and printed by officers of the police department, and the pictures were introduced in evidence, and identified by the witness Kahnert.

Mr. Everett W. Sanders, testifying for the State. said that he lived at 2123 N. W. 39th street, in Oklahoma City. That he owned a 1939 Chevrolet two-door sedan, and that license tag No. 1-28182 (Oklahoma county) had been issued to him. That on the night of July 3, 1947, his automobile was parked at No. 718 West Poplar street, in Yukon, Okla., and the next morning he noticed that the license plate was loose, and tightened it, but did not notice the number. On July 6, 1947, he checked the license plate on his car, and found that it was No. 1-73466. He recovered the license plate issued to him from the stolen goods department of the police department of Oklahoma City.

Several expert witnesses from the Oklahoma City police department laboratory testified to the finding of fingerprints of the defendant upon the stolen automobile. It was fully demonstrated to the jury how these fingerprints were obtained. They also testified to developing and printing the pictures found in the cameras, and identified them.

The codefendant, Samuel Thomas Bayless, age 17 years, was placed upon the witness stand by the state

and testified that he knew the defendant and had seen and talked with him in downtown Oklahoma City on July 3, 1947. That on that night, about 12 o'clock, witness and a brother of defendant went to the home of defendant's mother, and that defendant was in bed asleep. Defendant awoke, and dressed, and suggested to witness that they go to California. The witness agreed to this, and they decided to steal a car. He then detailed how the car was stolen, and also the two cameras above mentioned. He told of stealing and changing the license plates at Yukon, and of the trip to the roadside park near Minco, and of breaking the glass and attempting to enter the filling station and being frightened away by the lady who called the sheriff. He also testified that after they parked the automobile in the roadside park they went to sleep, leaving the radio on, and when they awoke the battery had run down, and they abandoned the car. He also testified to taking pictures with the cameras which had been stolen. These pictures were developed at the police headquarters in Oklahoma City, and were pictures of the defendants and the car which they had stolen in Oklahoma City. The pictures were introduced in evidence, and clearly show the license number which had been stolen by the defendants at Yukon.

From the above statement of the facts, it is our opinion that the court did not err in overruling the demurrer to the evidence, and in refusing to instruct the jury to return a verdict of not guilty.

The first contention of defendant is based upon the identification of the cameras and the pictures taken, and also the evidence of the sheriff, DeArthur Wilson, as to the information received which caused him to go in

search of the persons who had attempted to burglarize the filling station, and also to the information he received as to the location of the automobile.

We have examined the record carefully, and do not find that the evidence given by Sheriff Wilson was incompetent in any way.

The third error complained of is, that the court committed error in giving instruction No. 5, which is as follows:

"You are instructed that an accomplice, as used in these instructions, means one culpably implicated in the commission of a crime of which the defendant is accused, that is, an associate, one who knowingly and voluntarily co-operates or aids or assists in the commission of the crime charged.

"You are instructed that the prosecution in this case uses the testimony of a witness who may be culpably implicated in the commission of the crime of which the defendant is accused, that is, he may be one who knowingly and voluntarily co-operated or aided or assisted in the commission of the crime of which the defendant is accused; and whether or not he is such a person is a question of fact for you to determine from the evidence before you."

The objection of defendant to this instruction is that the court should have instructed the jury that under the evidence the codefendant Bayless was an accomplice, as a matter of law, and this issue should not have been left to the jury as a question of fact.

We are inclined to agree that if defendant had presented a requested instruction to this effect, that under the evidence in this case the court should have given the same. The true rule with reference to an instruction proper to be given by the court is found in the case of Sipes v. State, 36 Okla. Cr. 1, 251 P. 511:

"Where the evidence is conflicting as to whether a witness participated in committing the crime charged, the question as to whether or not such witness is an accomplice is one of fact for the jury. But where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice."

This rule has been announced and followed since the early decisions of this court. Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L.R.A. 1916F, 1251; Weems v. State, 16 Okla. Cr. 198, 182 P. 264; McKinney v. State, 20 Okla. Cr. 134, 201 P. 673; Hewett v. State, 38 Okla. Cr. 105, 259 P. 144; Hogan v. State, 42 Okla. Cr. 188, 275 P. 355; Becker v. State, 45 Okla. Cr. 350, 283 P. 796; Vardeman v. State, 54 Okla. Cr. 329, 20 P. 2d 194; Carter v. State, 55 Okla. Cr. 234, 28 P. 2d 581; Evinger v. State, 57 Okla. Cr. 63, 45 P. 2d 552.

In the case of Sipes v. State, supra, the defendant presented a requested instruction which was refused, and the case was reversed. A number of other cited cases are to the same effect, but in numerous instances were reversed on other grounds, and especially on the ground that the evidence was insufficient to sustain the judgment and sentence. There have been so many decisions of this court since its establishment construing 22 O.S. 1941 § 742, which is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof,"

that there seems to be some conflict in statements made with reference to the construction to be placed upon this statute, and especially as to the instructions to be given

by the court, but in practically all of the decisions the rule above announced has been adhered to as to the question of when a witness is an accomplice. Counsel for defendant in his brief has cited and quoted from many of the cases decided by this court. They are cited above. Counsel for the state has lightly passed over the question, making no attempt to distinguish the cases cited by defendant, or to cite any cases to uphold the contention made by the state that where defendant failed to request an instruction he could not object that one was not given by the court.

In the case of Sigler v. State, 54 Okla. Cr. 353, 21 P. 2d 1073, 1074, this court said:

"Counsel, if they desired an instruction on corroboration of an accomplice's testimony, should have requested it. Failing to do so, it was not error for the court to omit such instruction."

In connection with the instant case, it may be stated that instruction No. 6, given by the court, fully instructed the jury as to their duty with reference to its being necessary under the law for the witness to be corroborated if they found as a matter of fact that he was an accomplice. While we are of the opinion that the facts here justified the court in finding as a matter of law that the witness Bayless was an accomplice, and instructing the jury to this effect, yet, by instruction No. 6 he did instruct the jury as to the law and their duty if they found as a question of fact that the witness Bayless was an accomplice. In passing upon the sufficiency of the instructions, all of the instructions will be considered by the court.

The evidence produced by the state in this case was sufficient to justify the jury in returning a verdict of guilty against this defendant, regardless of the testimony

of the codefendant Bayless. We have often held under the harmless error doctrine, 22 O.S. 1941 § 1068, that a judgment shall not be set aside or new trial granted because of alleged error in the instructions, unless "after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Certainly, this does not appear from the record in this case.

For the reasons above stated, the judgment and sentence of the district court of Oklahoma county is affirmed.

JONES, P. J., and BRETT, J., concur.