John William WOLF, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A–13100.

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1962.

Bailey & Whitlock, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, John William Wolf, defendant below, was charged by information in the county court with reckless driving (47 O.S.A. § 121.3(a) and (k))* of a motor vehicle on Highway No. 77, approximately one mile south of Moore, Oklahoma, on September 26, 1960, all in Cleveland County, State of Oklahoma.

Defendant was tried by a jury, convicted, his punishment fixed at 90 days in jail, a fine of $500, and the costs. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The evidence herein clearly establishes the defendant's guilt. It appears he had been drinking intoxicants, and had vomited all over the floor board of his automobile in the front. He admitted to the highway patrolman and several other persons that he was driving the car at the time complained of. It appears that he may not have been drunk at the time of his arrest at 9 p. m., two hours after the offense at 7 p. m. Some of the evidence would tend to establish that he was not, but we believe that if he had been so charged the evidence would have been sufficient, if believed by the jury, to support such charge. Nevertheless, it clearly appears he was guilty of reckless driving as defined by the statute. 47 O.S.A. § 121.3(k):

"It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property * * *."

The defendant's automobile was being followed by J. B. Beaird in his car. Beaird, at a speed of 50 to 55 miles per hour, tried to pass the defendant. This he did several times, but the defendant would speed up and pull to the left to block him. Beaird would drop back in behind him, and defendant would slow down to 35 to 40 miles per hour. The defendant made no signal of his intention to pull out in front of Beaird and gave no left hand signal at any time, and did not signal that he was going to slow down.

Finally Beaird attempted to pass again and accelerated to a speed of 65 to 70 miles an hour to get around, but his car would not accelerate as fast as the defendant's Pontiac. The defendant continued to pull to the left and Beaird sounded his horn when even with him, but defendant kept pulling over in front of Beaird for about 200 yards, crowding Beaird off the highway onto the median a mile south of Moore. The defendant continued to pull to the left, passing close to the front end of Beaird's car, hitting the median about 150 feet further south. Defendant then took across the median, then southeastwardly across both lanes of the north-bound highway, across the bar-ditch, through a barbed wire fence, and 50 feet into a field on the east side of the north-bound highway. Beaird testified no one was in the car with the defendant, and defendant told Beaird no one was with him when Beaird got his car stopped and with the aid of his flash light located the defendant's car. Beaird said that defendant was then "staggering drunk", and thick-tongued in his speech. He further said the defendant's vomit in the Pontiac was saturated with alcohol and the defendant reeked

* See 47 O.S.1961 §§ 11–801, 11–901.

with the odor of alcohol. The defendant admitted to Beaird he had been drinking, but contended he was not drunk.

About two hours later the highway patrol located the defendant, who returned to the scene of the offense. Defendant admitted to Patrolman Allen that he was driving, and stated no one was with him in the Pontiac. Defendant first denied he had been drinking, then admitted he had drunk a couple of beers. The patrolman said the vomit in the Pontiac smelled strongly of alcohol. He testified in his opinion the defendant was at that time intoxicated. His speech was different than ordinary, he had the odor of alcohol about him and his face was flushed. But he said at the time he saw defendant his condition did not warrant a drunk driving charge.

Patrolman Killian corroborated these details testified to by Patrolman Allen.

On this testimony and defendant's admissions, the jury found defendant guilty of reckless driving.

Defendant denied he was driving, and testified that a man by the name of Dwight Funderburk was driving. He admitted the offense was committed at the time and place alleged, and that he reported not only to the patrolmen that he was driving, but also informed his employers that he was driving, and that he told Mr. Beaird he was the driver of the Pontiac. He did not know where Funderburk lived, he said, neither did he produce Funderburk as a witness. The jury did not believe his denial, which is not hard to understand.

■ Defendant admitted without objection, on cross examination, the following prior offenses: A speeding offense on April 26, 1957 in Cleveland County for which he paid a $100 fine and in which he admitted attaining a speed of 105 miles an hour. Complaint is correctly made of this detail of the offense being admitted, but there was no time objection made thereto. Nevertheless it was error to recount the details of the speed involved in the violation. Little v. State, 79 Okl.Cr. 285, 154 P.2d 772; Winn

v. State, 94 Okl.Cr. 383, 236 P.2d 51?.; Blanton v. State, Okl.Cr., 357 P.2d 243.

■ Other admissions on cross examination were as follows: A speeding fine in Tulsa County common pleas court for driving 67 miles per hour at night; complained of because the details thereof were not admissible but no timely objection was interposed. This, too, was error, but the objection now comes too late. A reckless driving charge in October, 1960, conviction by a jury, in Cleveland County with a resultant fine of $200; and a fine in Oklahoma City for speeding in 1958.

In connection with his admissions of these offenses, his attitude, reflected by the record, appears not that of a penitent, but of a braggart.

The foregoing evidence was more than ample to establish reckless driving, the offense charged, and in our opinion would have sustained a drunken driving charge.

■ The defendant further contends the trial court erred in permitting proof of an admission against interest made to Mr. Beaird at the scene of the offense, and immediately following it, by the defendant, in relation to a pending police case for drunken driving. He asked that nothing be said about the instant case, because he was out on bond, and if anything was said about the incident it would probably cause him trouble. This was part of the res gestae, going to establish the condition of defendant's mind immediately after the crime, under the conditions then existing, lending credence to his admission as being the driver of the Pontiac and throwing light on his guilt. See Clingan v. State, 15 Okl.Cr. 483, 178 P. 486; Jones v. State, Okl.Cr., 321 P.2d 432; Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927.

■ In the Hathcox case this court said:

"The term 'Res Gestae' means matters incidental to the main fact and explanatory to it, including acts and words which are so closely connected therewith as to constitute a part of the

transaction, and without a knowledge of which the main fact might not be properly understood; the events themselves speaking through the instinctive words and acts of the participants, the circumstances, the facts and declarations growing out of the main fact, contemporaneous with it and serving to illustrate its character.

"Declarations, to be a part of the res gestae, need not be precisely coincident in point of time with the principal fact. If they spring out of it, shed light upon and tend to explain it, are voluntary and spontaneous, and are made at a time so near it as to preclude the idea of deliberation or fabrication, then they are to be regarded as contemporaneous, and are admissible as evidence."

These admissions by the defendant were admissible as throwing light on his state of mind and his guilt.

The defendant further complains of proof of another offense committed in Oklahoma City in 1960, in which he forfeited a police bond for driving while intoxicated. All the prior convictions were proven without objection, except the 1960 Oklahoma City charge, wherein he admitted he had forfeited his bond.

On this issue it has been held that a bond forfeiture, when deliberately made, in police court is tantamount to a plea of guilty and should be so regarded. Le Blanc v. State, 95 Okl.Cr. 280, 245 P.2d 134. Where bond forfeitures are deliberately made, the defendant's admissions thereof on cross examination do not constitute error. His testimony, in our opinion, confirms the deliberate nature of the bond forfeiture in police court. We are of the opinion that all of the admissions on cross examination herein were admissible in evidence, except for the details.

In addition to complaining of the admission into evidence of these offenses, the defendant complains the trial court did not limit the effect of this evidence by an instruction as only affecting defendant's credibility. In this regard, defendant offered no requested instructions thereon, and saved no exception to the instructions given. It has been repeatedly held that one may waive and does waive the giving of an instruction by failure to request it. Samples v. State, Okl.Cr., 337 P.2d 756; Walker v. State, 89 Okl.Cr. 19, 204 P.2d 552; Woody v. State, 95 Okl.Cr. 21, 238 P.2d 367; Sigler v. State, 54 Okl.Cr. 353, 21 P.2d 1073.

Moreover, it was held in Glenn v. State, Okl.Cr., 333 P.2d 597 that if, upon trial of a criminal case special instructions are desired by defendant, he must present in writing to the court the instructions so desired; and it is not error for the trial court to omit to instruct upon every possible question under defendant's theory of the case, when he has not requested such instructions. And in Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809, we said:

"If counsel for defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce them to writing, submit them to the trial judge, and request that they be given. If they fail to do this, a conviction will not be reversed unless Criminal Court of Appeals is of the opinion in the light of the entire record, including instructions which were given, that by the failure of the trial court to instruct the jury upon some material question of law, the defendant has been deprived of a substantial right."

Under the provisions of 22 O.S.1961 § 1068 it has been repeatedly held that unless in the opinion of this court, after examination of the entire record it appears that the failure to give an instruction has probably resulted in a miscarriage of justice, or constitutes a violation of a substantial constitutional or statutory right the same will be held harmless, where the evidence of guilt is clear.

In Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 190 P.2d 838, quoting with

approval from Baker v. State, 22 Okl.Cr. 224, 210 P. 292, we said:

"This court would not be authorized to reverse a conviction on the ground that the trial court erred in its instructions to the jury, unless from an inspection of the entire record it appears that the defendant was injured thereby, and to determine this issue the court must consider the question as to whether the defendant is guilty or innocent of the offense charged. Fowler v. State, 8 Okl.Cr. 130, 126 P. 831; Fulkerson v. State [17 Okl.Cr. 103], 189 P. 1092 [Holmes v. State, 18 Okl.Cr. 415, 195 P. 508]."

Under this record the failure to give the instruction not requested, in face of the defendant's overwhelming guilt, was not reversible error.

Under the clear and undoubted guilt of this defendant, the matters complained of do not warrant a reversal herein, but as hereinbefore indicated, constitute only grounds for modification. This defendant might well have been prosecuted and convicted of drunken driving, and certainly driving in his condition was reckless and in the manner herein disclosed amounts to reckless driving. State v. Sisneros, 42 N.M. 500, 82 P.2d 274, wherein it was said:

"While the evidence of intoxication might bear upon the question of whether the defendant was guilty of reckless driving, it does not necessarily prove it; but is a circumstance to be considered by the jury in deciding the issue. People v. McGrath, 94 Cal.App. 520, 271 P. 549."

If this case were to be tried again and again on the reckless driving charge the result would be a verdict of guilty, because of the overwhelming evidence thereof. This repeated law violator is a menace to life and limb, and needs to be put on his feet in the interest of public safety.

Nevertheless, because of the admission of evidence of details of other prior offenses that should not have been admitted, the judgment and sentence is modified (22 O.S.1961 § 1066) from 90 days in jail and a fine of $500, to 60 days in jail and a fine of $300. Little v. State, supra.

In all other respects the judgment and sentence is affirmed.

NIX, P. J., concurs.

BUSSEY, J., not participating.