**Ed AKINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17164.**

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

As Corrected Oct. 30, 1972.

John Muntz, Hugo, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Ed Akins, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Choctaw County, Oklahoma for the offense of Grand Larceny; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Essie Hughes testified that she was sixty-eight (68) years old and lived and operated a beer tavern in Stringtown, Oklahoma. She closed her tavern at approximately midnight on the evening of October 2, 1970. She took the money from the cash register and placed it in her car. She testified that she had four one hun-

dred dollar bills, twenty-four dollars worth in half-dollars, three ten dollar bills, a five, twenty-six silver certificate dollars and some ones. She drove to Hugo and stopped at the defendant's beer tavern. She went inside looking for her boyfriend, and not finding him there, bought a beer. She returned outside to her car, the defendant was standing beside the car. She asked the defendant if he knew where her boyfriend Richard Cash was, and the defendant stated he could take her right to him. They rode around for awhile, until the defendant told her to stop at the Legion Hut. She asked the defendant "where is my purse", to which the defendant replied "what have you got in this purse?" (Tr. 8). She got out of the car and struggled with the defendant, defendant slapped her to the ground and ran from the scene with the purse. She went to the police station and reported what happened.

For the defense, Sheriff Ed Thornton testified that on the evening in question, Mrs. Hughes came to the police station and reported that someone had taken her purse. She stated that she could identify the subject who took it. The sheriff testified that he did not take finger prints from the victim's car.

The defendant testified that he went to a football game in Idabel on the evening in question. After the game was over he returned to his tavern, in Hugo, arriving at approximately 10:00 p. m. He testified that Mrs. Hughes came in his place about 12:30 looking for Richard Cash. He informed her that he had not seen Cash that evening and she got mad at him because she thought he was hiding Cash. He denied getting in the car with her and stealing her money. He testified that he had previously entered a plea of guilty to armed robbery.

■ The first proposition asserts that the trial court erred in denying defendant's request to voir dire each prospective juror individually. The record reflects that after the trial court voir dire the jury, the State waived any further examination, wherein the following transpired.

BY THE COURT: Mr. Muntz, you may inquire of the Jury any matters that you'd like that you would like to collectively unless a response indicates that you should ask individual questions of any member of the panel.

MR. MUNTZ: If it please the Court, I would like to interrogate each Juror individually.

BY THE COURT: I am not going to allow that since it is not a capital case. you can ask them collectively any questions that you want to ask them. If you receive some information that would require individual answers, you may do it.

In Jones v. State, 20 Okl.Cr. 154, 201 P. 664, the court stated:

"The manner and extent of examinations of jurors, touching their qualifications, cannot be prescribed by any definite, unyielding rule, but rests to a large extent in the sound discretion of the trial judge. In the examination, such latitude should be given the parties as will enable them to procure a jury free from outside influence, bias, or personal interest."

See also Vardeman v. State, 54 Okl.Cr. 329, 20 P.2d 194; Roddy v. State, 47 Okl. Cr. 283, 287 P. 765 and Gonzales v. State, Okl.Cr., 388 P.2d 312. In the instant case the defendant's voir dire examination was not made a part of the record, nor does the record reflect what challenges either for cause or preemptory were made by the defendant. Absence a showing of how the defendant was prejudiced, we cannot hold that the trial court abused its discretion restricting the voir dire examination. In Young v. State, Okl.Cr., 357 P.2d 562, the court stated:

"Presumption exists, in absence of contrary showing, that jury is composed of impartial and qualified jurors * * *."

■ The second proposition contends that the trial court erred in not sustaining defendant's demurrer to the evidence at the close of the State's case. From the fore-

going statement of facts we are of the opinion that the trial court properly overruled defendant's demurrer to the evidence.

The final proposition asserts that the District Attorney made improper prejudicial remarks in his closing arguments. The record does not contain the closing argument nor does it reflect that a request was made that they be transcribed. In Pitts v. State, Okl.Cr., 431 P.2d 449 (1966), we stated:

"It has long been the rule that defense counsel has the responsibility to request, and such request must be made of the court reporter at *each* trial, when he desires to have the closing argument reported. It is defense counsel's sole responsibility to preserve and protect his own record, and that responsibility cannot be shifted to one not a participant in our adversary system of jurisprudence."

The judgment and sentence is affirmed.

BRETT, J., concurs in result.